MARIE D. CASTRO ET AL. *v.* JOAQUIM VIERA ET AL.
(13231)

HEALEY, SHEA, CALLAHAN, GLASS and COVELLO, Js.

Argued January 14—decision released May 10, 1988

*Joseph F. Skelley, Jr.,* with whom were *Bernard Poliner* and, on the brief, *Elizabeth M. Christofaro,* for the appellants (named defendant et al.).

*Henry B. Hurvitz,* for the appellees (plaintiffs).

ARTHUR H. HEALEY, J. This appeal concerns the Connecticut Workers' Compensation Act. General Statutes § 31-275 et seq. The plaintiffs are Marie Castro and her minor children. The defendants are Joaquim and Mary Viera. The workers' compensation commissioner (commissioner) for the first district dismissed the plaintiffs' claim for benefits after he denied the plaintiffs' motion to preclude[1] the defendants from

---

[1] The plaintiffs' motion to preclude was the following:

"MOTION TO PRECLUDE

"The Claimant hereby moves to preclude the respondents from contesting liability in the above-captioned matter in that the respondents failed to file a Notice of Intent To Contest Liability pursuant to C.G.S. Sec. 31-297 (b) within twenty (20) days after receiving notice of the claim in this matter. In support of this Motion, the Claimant submits the following exhibits:

"(1) Copy of letter to Joaquim Viera and Mary Viera dated October 12, 1983, sent Certified Mail—Return Receipt Requested.

"contesting liability" because the defendants failed to file a "Notice of Intent to Contest Liability" pursuant to General Statutes § 31-297 (b)[2] within twenty days after receiving notice of their claim for benefits. The claim arose out of the death on September 30, 1983, of Rogerio Castro, the husband of the named plaintiff and father of the plaintiff children, while he had been working on premises owned by the defendants.

After an evidentiary hearing, the commissioner specifically found, inter alia, that prior to September 30, 1983, the decedent had worked for the defendants as an independent contractor and did not have an employer-employee relationship with them. The commissioner also found that, on September 30, 1983, when the decedent had fallen to his death from a ladder at the defendants' building, "[he] was not working as an employee of the [defendants]." The commissioner, after denying the motion to preclude, dismissed the claim for benefits, essentially concluding that the defendants were not precluded under the statute from raising the jurisdictional defense of the lack of the requisite employer-employee relationship between the decedent and the defendants necessary to the application of the act. In

---

"(2) Copy of Receipt for Certified Mail—No. P081544947.

"(3) Copy of Returned Receipt (Green Card).

"(4) Copy of letter to Morris Cutler, Esquire, dated November 19, 1983.

"Wherefore, the Claimant moves that this Motion be granted."

[2] General Statutes § 31-297 (b) provides: "Whenever liability to pay compensation is contested by the employer, he shall file with the compensation commissioner, on or before the twentieth day after he has received a written notice of claim, a notice in accord with a form prescribed by the commissioners stating that the right to compensation is contested, the name of the claimant, the name of the employer, the date of the alleged injury or death and the specific grounds on which the right to compensation is contested, and a copy thereof shall be sent to the employee. If the employer or his legal representative fails to file the notice contesting liability within the time prescribed herein, the employer shall be conclusively presumed to have accepted the compensability of such alleged injury or death and shall have no right thereafter to contest the employee's right to receive compensation on any grounds or the extent of his disability."

doing so, the commissioner determined that, although the defendants had not "contested liability on or before the twentieth day after receiving the [plaintiffs'] written notice of claim," the commissioner did receive, on January 5, 1984, a form 43-67, Notice to Contest Liability to Pay Compensation (form 43). The reasons, set out on this form 43, for contesting liability by the defendants were as follows: " 'No jurisdiction under Conn. Workers' Compensation Act as there is no Employer-Employee relationship.' 'Injury and death not work related.' " The commissioner rejected the plaintiffs' argument that the failure of the defendants to file a timely notice precluded them from contesting their right to receive benefits on any grounds, including jurisdictional grounds. The plaintiffs cited *Bush* v. *Quality Bakers of America*, 2 Conn. App. 363, 373, 479 A.2d 820, cert. denied, 194 Conn. 804, 482 A.2d 709 (1984), in support of this position and cited the following language from *Bush:* "By not contesting compensability, Quality [the employer] waived any jurisdiction claim." Pointing out that the lack of an employer-employee relationship was not at issue in *Bush,* the commissioner opined that the reference of the Appellate Court to the waiver of any jurisdictional claim therefore had no applicability to the lack of an employer-employee relationship.

Following the dismissal of their claim for benefits by the commissioner, the plaintiffs appealed the decision of the commissioner to the compensation review division. General Statutes § 31-301.[3] The compensation

---

[3] General Statutes § 31-301 (a), entitled "Appeals to compensation review division. Payment of award during pending of appeal," provides in relevant part: "At any time within ten days after entry of such award by the commissioner, after a decision of the commissioner upon a motion or after an order by the commissioner according to the provisions of section 31-299b, either party may appeal therefrom to the compensation review division by filing in the office of the commissioner from which such award or such decision on a motion originated an appeal petition and five copies thereof. Such

review division decided that the commissioner had erred in denying the plaintiffs' motion to preclude under § 32-297 (b). The compensation review division panel specifically based its finding of error on *LaVogue* v. *Cincinnati, Inc.*, 9 Conn. App. 91, 516 A.2d 151, cert. denied, 201 Conn. 814, 518 A.2d 72 (1986). In doing so, that panel said: "*LaVogue* held, 'If an employer fails to file a notice contesting liability, the employer shall be conclusively presumed to have accepted the compensability of the employee's injury. . . .' Id. at 93. *LaVogue* holds that where a conclusive presumption of liability arises, liability cannot be attacked on any grounds, including jurisdiction." It remanded the matter to the commissioner for further proceedings.

Thereafter, the defendants appealed the review division's reversal of the commissioner's denial of the plaintiffs' motion to preclude under § 31-297 (b) to the Appellate Court. The appeal was then transferred to this court pursuant to Practice Book § 4023. We find error.

On appeal, the defendants maintain that the review division erred in reversing the commissioner's conclusion that they did not "waive" subject matter jurisdic-

commissioner within three days thereafter shall mail such petition and three copies thereof to the chairman of the compensation review division and a copy thereof to the adverse party or parties. Such appeal shall be heard by a panel of the compensation review division, except that no commissioner may sit in review of an award or decision rendered by him. The compensation review division shall hear the appeal on the record of the hearing before the commissioner, provided, if it is shown to the satisfaction of the division that additional evidence or testimony is material and that there were good reasons for failure to present it in the proceedings before the commissioner, the compensation review division may hear additional evidence or testimony. Upon the final determination of the appeal by the compensation review division, but no later than (1) October 1, 1987, for those appeals pending on October 1, 1986, or (2) one year after the date the appeal petition was filed for those petitions filed on or after October 1, 1986, it shall issue its decision, affirming, modifying or reversing the decision of the commissioner. The decision of the compensation review division shall include its findings and award and conclusions of law."

tion by failing to file a timely written notice of their intention to contest their liability to pay compensation to the plaintiffs under § 31-297 (b). They contend that the conclusive presumption of the act embodied in § 31-297 (b) applies only to contestability as it relates to liability and not to the basic question of whether the act applies to the matter. Subject matter jurisdiction over this matter, they argue, is not present and it cannot be conferred by waiver, consent, silence or agreement of the parties. Disputing the relevancy of the legislative history referred to by the plaintiffs as well as the case law cited by the compensation review division and the plaintiffs, they contend that the act itself, phrased in terms of "employer" and "employee" status, speaks to the legislative intent as to the relationship that must exist to trigger potential coverage under the act. Claiming that the case law relied upon by the plaintiffs and the review division is readily distinguishable, they assert that the commissioner, confronted with the claim of lack of subject matter jurisdiction, had the obligation to decide that question before proceeding at all.

On the other hand, the plaintiffs claim that, because of the language of § 31-297 (b), legislative history and the case law, the failure of one who receives a notice of claim for workers' compensation benefits to file a notice contesting that claim within the twenty day period "means that liability for the claim is accepted and there is no right thereafter to contest the claim for any reason whatsoever." Included in the plaintiffs' position is their argument that the defendants' contention that the lack of an employer-employee relationship deprives the workers' compensation commission of jurisdiction does not apply when reviewing the applicability of § 31-297 (b) in relation to "the complete jurisdictional scheme of the entire Workers' Compensation Act."

Although we said in *Perille* v. *Raybestos-Manhattan-Europe, Inc.*, 196 Conn. 529, 541, 494 A.2d 555 (1985), that the Workers' Compensation Act was of " 'broad humanitarian scope' . . . and is 'remedial' and 'should be broadly construed . . .' " we then went on specifically to say: "It is thus fair to proceed on the premise that the act was intended to be and is the exclusive remedy available *where it appears that the necessary employer-employee relationship exists* and the injury-producing transaction arises out of and in the course of *that employment* unless it is demonstrated otherwise." (Emphasis added.) Id., 541–42.[4] The burden in a workers' compensation claim rests upon the claimant to prove that he is an "employee" under the act and thus is entitled to invoke the act. *Bourgeois* v. *Cacciapuoti*, 138 Conn. 317, 321, 84 A.2d 122 (1951); *Morganelli* v. *Derby*, 105 Conn. 545, 551, 135 A. 911 (1927). This relationship is threshold because it is settled law that the "commissioner's jurisdiction is 'confined by the Act and limited by its provisions.' " *Gagnon* v. *United Aircraft Corporation*, 159 Conn. 302, 305, 268 A.2d 660 (1970). Long ago, we said that the jurisdiction of the commissioners "is confined by the Act and limited by its provisions. Unless the Act gives the Commissioner the right to take jurisdiction over a claim, it cannot be conferred upon [the commissioner] by the parties either by agreement, waiver or conduct." *Jester* v. *Thompson*, 99 Conn. 236, 238, 121 A. 470 (1923). Because the act is a legislative enactment, "[t]he legislative will as expressed in the [Workers'] Compensation Act, is conclusive upon [a] court and gives us no alternative but to hold that the commissioner was without jurisdiction in the premises." *Walsh* v. *A. Waldron & Sons*, 112 Conn. 579, 586, 153 A. 298 (1931); *Vegliante* v. *New Haven Clock Co.*,

---

[4] The terms "employee" and "employer" are specifically defined in the Workers' Compensation Act. General Statutes § 31-275 (5) and (6).

143 Conn. 571, 581, 124 A.2d 526 (1956). While it is correct that the act provides for proceedings that "were designed to facilitate a speedy, efficient and inexpensive disposition" of matters covered by the act; *Menzies* v. *Fisher,* 165 Conn. 338, 346, 334 A.2d 452 (1973); *Gagnon* v. *United Aircraft Corporation,* supra, 306; the charter for doing so is the act itself. The authority given by the legislature is carefully circumscribed and jurisdiction under the act is clearly defined and limited to what are clearly the legislative concerns in this remedial statute.

With this background, we take up the issue of whether the conclusive presumption in § 31-297 (b) precluded the commissioner from deciding, as he did, that there was no subject matter jurisdiction of the proferred claim under the act and that, therefore, the matter was properly dismissed for that reason. We agree with the commissioner.

In speaking of a court in general, we have said: " ' "Jurisdiction of the subject-matter is the power [of the court] to hear and determine cases of the general class to which the proceedings in question belong." ' " *Henry F. Raab Connecticut, Inc.* v. *J. W. Fisher Co.,* 143 Conn. 108, 111–12, 438 A.2d 834 (1981). "A court has subject matter jurisdiction if it has the authority to adjudicate a particular type of legal controversy. Such jurisdiction relates to the court's competency to exercise power, and not to the regularity of the court's exercise of that power. *Monroe* v. *Monroe,* 177 Conn. 173, 185, 413 A.2d 819, appeal dismissed, 444 U.S. 801, 100 S. Ct. 20, 62 L. Ed. 2d 14 (1979) . . . ." *State* v. *Malkowski,* 189 Conn. 101, 105–106, 454 A.2d 275 (1983). In speaking of courts of lesser jurisdiction, we have said: "It is a familiar principle that a court which exercises a limited and statutory jurisdiction is without jurisdiction to act unless it does so under the precise circumstances and in the manner particularly pre-

scribed by the enabling legislation." *Heiser* v. *Morgan Guaranty Trust Co.*, 150 Conn. 563, 565, 192 A.2d 44 (1963). For example, "[o]ur courts of probate have a limited jurisdiction and can exercise only such powers as are conferred on them by statute. . . . They have jurisdiction only when the facts exist on which the legislature has conditioned the exercise of their power. *Killen* v. *Klebanoff*, 140 Conn. 111, 115, 98 A.2d 520 [1953]; *Palmer* v. *Reeves*, 120 Conn. 405, 408, 182 A. 138 [1935]." *Heiser* v. *Morgan Guaranty Trust Co.*, supra; see *In re Juvenile Appeal (85-BC)*, 195 Conn. 344, 366 n.18, 488 A.2d 790 (1985).

This concept, however, is not limited to courts. Administrative agencies are tribunals of limited jurisdiction and their jurisdiction is dependent entirely upon the validity of the statutes vesting them with power and they cannot confer jurisdiction upon themselves. *Regents of University System of Georgia* v. *Carroll*, 338 U.S. 586, 597–98, 70 S. Ct. 370, 94 L. Ed. 363 (1950); *Gerson* v. *Industrial Accident Commission*, 188 Cal. App. 2d 735, 738–39, 11 Cal. Rptr. 1 (1961); *Bair* v. *Blue Ribbon, Inc.*, 256 Iowa 660, 663, 129 N.W.2d 85 (1964); *Soars* v. *Soars-Lovelace, Inc.*, 142 S.W.2d 866, 871 (Mo. 1940) (workers' compensation commission); *Fink* v. *Cole*, 1 N.Y.2d 48, 52, 133 N.E.2d 691 (1956); 2 Am. Jur. 2d, Administrative Law § 328. We have recognized that "[i]t is clear that an administrative body must act strictly within its statutory authority, within constitutional limitations and in a lawful manner. . . . It cannot modify, abridge or otherwise change the statutory provisions, under which it acquires authority unless the statutes expressly grant it that power." *Waterbury* v. *Commission on Human Rights & Opportunities*, 160 Conn. 226, 230, 278 A.2d 771 (1971); see *Millard* v. *Connecticut Personnel Appeal Board*, 170 Conn. 541, 545, 368 A.2d 121 (1976) (personnel board properly held it had no jurisdiction under statute to

review plaintiff's dismissal). Where enabling legislation has created and authorized workers' compensation commissions or industrial accident commissions, the doctrine of subject matter jurisdiction has figured in the disposition of matters before such groups. See, e.g., *Clark* v. *Industrial Commission,* 54 Ill. 2d 311, 318, 297 N.E.2d 154 (1973); *Bair* v. *Blue Ribbon, Inc.,* supra; *Letterlough* v. *Alkins,* 258 N.C. 166, 169, 128 S.E.2d 215 (1962); *State Accident Ins. Fund Corporation* v. *Broadway Cab Co.,* 52 Or. App. 689, 692–93, 629 P.2d 829 (1981); *Reynolds* v. *Reihart,* 47 Pa. Commw. 602, 606, 408 A.2d 897 (1979), appeal dismissed, 498 Pa. 135, 445 A.2d 103 (1982); *James* v. *Arlington Board of Supervisors,* 226 Va. 284, 286, 307 S.E.2d 900 (1983).

We believe that the commissioner properly denied the plaintiffs' motion to preclude the defendants from contesting their alleged status as an employer despite the defendants' failure to file their notice of intent to contest liability within the twenty day period set out in § 31-297 (b). Moreover, we also believe that the conclusive presumption in § 31-297 (b) cannot, in this case, be construed to have prevented the commissioner's inquiry as to whether there was subject matter jurisdiction under the act. These determinations, we submit, for the reasons set out below, work no violence to the letter or spirit of the act.

We begin our analysis by noting that once the question of lack of jurisdiction of a court is raised, "[it] must be disposed of no matter in what form it is presented"; *Carten* v. *Carten,* 153 Conn. 603, 610, 219 A.2d 711 (1966); *Monroe* v. *Monroe,* 177 Conn. 173, 177, 413 A.2d 819 (1979); *Browning* v. *Steers,* 162 Conn. 623, 625, 295 A.2d 544 (1972); and the court must "fully resolve it before proceeding further with the case." *Valley Cable Vision, Inc.* v. *Public Utilities Commission,* 175 Conn. 30, 32, 392 A.2d 485 (1978); *Gimbel* v. *Gimbel,* 147 Conn. 561, 566, 163 A.2d 451 (1960). Subject mat-

ter jurisdiction, unlike jurisdiction of the person, cannot be created through consent or waiver. *United States Trust Co.* v. *Bohart,* 197 Conn. 34, 39, 495 A.2d 1034 (1985); *Hayes* v. *Beresford,* 184 Conn. 558, 562, 440 A.2d 224 (1981); *State* v. *Jones,* 166 Conn. 620, 627, 353 A.2d 764 (1974); *Reed* v. *Reincke,* 155 Conn. 591, 598, 236 A.2d 909 (1967). Moreover, a court must have jurisdiction to determine its own jurisdiction once that has been put in issue. *Chrysler Credit Corporation* v. *Fairfield Chrysler-Plymouth, Inc.,* 180 Conn. 223, 227, 429 A.2d 478 (1980); *Marshall* v. *Clark,* 170 Conn. 199, 205, 365 A.2d 1202 (1976). It should be no different concerning the matter of the jurisdiction under the Workers' Compensation Act, where the commissioner's jurisdiction is " 'confined by the Act and limited by its provisions.' " *Gagnon* v. *United Aircraft Corporation,* supra, 305; *Jester* v. *Thompson,* supra; see *Letterlough* v. *Alkins,* supra, 168 (stating that "[i]n every proceeding before the [North Carolina Industrial] Commission determination of jurisdiction is the first order of business"); *James* v. *Arlington County Board of Supervisors,* supra, 289 (holding that the Virginia Industrial Commission was correct "in its approach" in a claim for workmen's compensation benefits that "made 'first things first' and ruled on its jurisdiction as a threshold matter"); 100 C.J.S., Workmen's Compensation § 425 (d), p. 272.

Nor can the conclusive presumption of § 31-297 (b) operate to work a statutory bar to the opportunity of the alleged employer to contest liability where, as here, the question of the lack of subject matter jurisdiction has been squarely presented to the commissioner. Drawing upon the legislative history recorded when the legislature amended § 31-297 (b) in 1967, we recognized in *Menzies* v. *Fisher,* supra, 343,[5] that "[t]he object

---

[5] In *Menzies* v. *Fisher,* 165 Conn. 338, 341, 334 A.2d 452 (1973), we considered the plaintiff's claim that the workers' compensation commissioner

which the legislature sought to accomplish [was] plain. . . . [It] was amended to ensure (1) that employers would bear the burden of investigating a claim promptly and (2) that employees would be timely apprised of the specific reasons for the denial of their claims. These effects would, in turn, diminish delays in the proceedings, discourage arbitrary refusal of bona fide claims and narrow the legal issues which were to be contested." Later, in *Adzima* v. *UAC/Norden Division*, 177 Conn. 107, 113, 411 A.2d 924 (1979), we again addressed the legislative history of § 31-297 (b) "to determine whether it [was] necessary or appropriate to extend the 'conclusive preclusion of defense' provision of [§ 31-297 (b)] beyond situations where an employer contests its initial liability to pay compensation, to a situation . . . where the employer disputes only the extent of the deceased's disability." In *Adzima*, we declined such an extension pointing out that § 31-297 (b) "itself clearly delineates a distinction between liability and disability: 'Whenever *liability* to pay compensation is contested by the employer,' the employer must file a specific defense. If the employer

was in error in refusing to grant her "Motion to Preclude" the defendant employer from contesting compensability pursuant to General Statutes § 31-297 (b). In that connection, we quoted that section as it had been amended in 1967: " 'Whenever liability to pay compensation is contested by the employer, he shall file with the compensation commissioner, on or before the twentieth day after he has received a written notice of claim, a notice in accord with a form prescribed by the commissioners stating that the right to compensation is contested, the name of the claimant, the name of the employer, the date of the alleged injury or death and the *specific* grounds on which the right to compensation is contested, and a copy thereof shall be sent to the employee. *If the employer or his legal representative fails to file the notice contesting liability within the time prescribed herein, the employer shall be conclusively presumed to have accepted the compensability of such alleged injury or death and shall have no right thereafter to contest the employee's right to receive compensation on any grounds or the extent of his disability.'* (Emphasis added.)" Id.

The emphasized language of this statute was incorporated by Public Acts 1967, No. 842, § 7. The 1967 Public Act amended thirty other sections of the Workers' Compensation Act.

does not contest liability, it has 'no right thereafter to contest the employee's *right to receive compensation* on any grounds or the *extent of his disability.'* (Emphasis added.)" Id. We went on to say that "[t]he statute clearly speaks to a threshold failure on the employer's part to contest 'liability' . . . ."[6] Id.

---

[6] In *Adzima* v. *UAC/Norden Division,* 177 Conn. 107, 113–14, 411 A.2d 924 (1979), in pointing out that General Statutes § 31-297 (b) addressed an employer's "threshold failure" to contest "liability," we said: "The statute clearly speaks to a threshold failure on the employer's part to contest 'liability': to claim, for example, that the injury did not arise out of and in the course of employment; see *Menzies* v. *Fisher,* [165 Conn. 338, 340, 334 A.2d 452 (1973)]; that the injury fell within an exception to the coverage provided by workmen's compensation; see *Draus* v. *International Silver Co.,* 105 Conn. 415, 418, 135 A. 437 (1926); or that the plaintiff was not an employee of the defendant, but an independent contractor; see *Biederzycki* v. *Farrel Foundry & Machine Co.,* 103 Conn. 701, 704, 131 A. 739 (1926)."

A close examination of *Biederzycki* discloses that there was no issue in that case of the employer-employee relationship of the plaintiff's decedent husband and the defendant employer. Rather, the crucial issue was whether, sometime after the commissioner had made his finding and award in favor of the plaintiff against the employer, the commissioner had the power to reopen or modify the award under the act upon the motion of the employer that he do so. We held that he could not do so under the statute. In *Biederzycki,* which preceded the enactment of § 31-297 (b), we simply construed the statute as not granting the commissioner the power to reopen and modify. This was wholly consistent even then with our position that the jurisdiction of the commissioner is "confined by the Act and limited by its provisions." *Jester* v. *Thompson,* 99 Conn. 236, 238, 121 A. 470 (1923).

Our decision in *Biederzycki* relied upon the earlier case of *Hayden* v. *Wallace & Sons Mfg. Co.,* 100 Conn. 180, 123 A. 9 (1923). In *Hayden,* the defendant employer moved to reopen the commissioner's award sometime after it had voluntarily agreed to pay compensation to the claimants, maintaining that it had discovered more than one year after making this agreement that the claimants were not its employees but rather were employees of an independent contractor with whom it had contracted to do certain work at its factory. In *Hayden,* we advised the commissioner, who had initially denied the employer's motion to reopen, to dismiss the appeal. We did so, indicating that the employer's failure to ascertain the facts showing its nonliability was due to its own negligence, that it was estopped from abandoning the position it had deliberately taken and that the commissioner could not do so under the statute.

Accordingly, we do not now read *Biederzycki* or its use of *Hayden* as inconsistent with or controlling our disposition of the appeal now before us.

The entire statutory scheme of the Workers' Compensation Act is directed toward those who are in the employer-employee relationship as those terms are defined in the act and discussed in our cases. That relationship is threshold to the rights and benefits under the act; a claimant or his representative who is not an employee has no right under this statute to claim for and be awarded benefits. The act is not triggered by a claimant until he brings himself within its statutory ambit. The conclusive presumption of § 31-297 (b) is, accordingly, not triggered by the filing of a claim with the attendant notice by an "employee" against an "employer" until the "employee" proves, where the requisite relationship is challenged, that that relationship existed. This requisite relationship was a jurisdictional fact to be proven in this case to bring the plaintiffs within the class that the legislature obviously intended be covered.

We must determine, however, what is a "jurisdictional fact"[7] in this context. In a workers' compensation case, *Valenzuela* v. *Singleton,* 100 N.M. 84, 87, 666 P.2d 225 (1982), affirmed in *Allsup's Convenience Stores, Inc.* v. *Valenzuela,* 100 N.M. 84, 666 P.2d 225 (1983), the New Mexico Court of Appeals, quoting with approval from *Abraham* v. *Homer,* 102 Okla. 12, 13–14, 226 P. 45 (1924), characterized a "jurisdictional fact" as follows: "Jurisdiction over the person, jurisdiction over the subject-matter, and jurisdiction to render the particular judgment are three separate elements of the jurisdiction of a court. Each element of jurisdiction is dependent upon both law and fact. Facts showing the service of process in time, form, and manner sufficient to satisfy the requirements of mandatory statutes in

---

[7] We require the assertion of facts in a pleading which will permit a court to find jurisdiction. For example, in dissolution matters, our practice requires the stating of "facts [in a complaint] necessary to give the court jurisdiction." See Practice Book § 453.

that regard are essential to jurisdiction over the person. Facts showing that the matter involved in a suit constitutes a subject-matter consigned by law to the jurisdiction of that court are essential to jurisdiction over the subject-matter of the suit. Facts showing that a particular judgment is rendered in compliance with all existing mandatory law in that regard are essential to jurisdiction to render a particular judgment. All such facts are known as jurisdictional facts." Drawing on *Abraham,* the *Valenzuela* court refered to examples of jurisdictional facts relating to jurisdiction over the subject matter. It is necessary, in the administration of a decedent's estate, that the facts establish that the owner of the estate is actually dead. In court martial proceedings, it is necessary for the facts to show that the person being tried was actually in the military or naval service. *Valenzuela* v. *Singleton,* supra. These are jurisdictional facts relating to jurisdiction over the subject matter. Their existence is fundamental to the power to entertain and adjudicate a proceeding on the merits. In short, such facts condition the power to act. *In re First National Bank,* 152 F. 64, 69 (8th Cir. 1907); *Valenzuela* v. *Singleton,* supra, 87.

The commissioner recognized this when, having heard the claims of the parties, he ruled that he could not consider the plaintiffs' motion to preclude until an evidentiary hearing on the employer-employee issue had been held. He thereupon conducted such a full hearing, at which both parties testified and were represented by counsel. Given the circumstances, the commissioner had the duty to determine whether there was subject matter jurisdiction. See, e.g., *Letterlough* v. *Alkins,* supra; *James* v. *Arlington County Board of Supervisors,* supra. The burden of adducing evidence to enable the commissioner to conclude that there was subject matter jurisdiction to bring this claim within the act was on the plaintiffs. *Bourgeois* v. *Cacciapuoti,*

supra, 321; *Morganelli* v. *Derby,* supra. It is the power and the duty of the commissioner, as the trier of fact, to determine the facts. *Adzima* v. *UAC/Norden Division,* supra; *Czeplicki* v. *Fafnir Bearing Co.,* 137 Conn. 454, 457, 78 A.2d 339 (1951). "The conclusions drawn by him from the facts found must stand unless they result from an incorrect application of the law to the subordinate facts or from an inference illegally or unreasonably drawn from them." *Adzima* v. *UAC/Norden Division,* supra, 118. On the record before us, the commissioner could properly have concluded that the requisite employer-employee relationship had not existed and, therefore, that there had been no subject matter jurisdiction under the act.

We also determine that his decision did not violate the act. Speaking to the act itself, no violence is done to its humanitarian and remedial character because the plaintiffs have not brought themselves within its ambit as they were required to do. See *Eason* v. *Welfare Commissioner,* 171 Conn. 630, 635, 370 A.2d 1082 (1976), cert. denied, 432 U.S. 907, 97 S. Ct. 2953, 53 L. Ed. 2d 1079 (1977). Were it to be held otherwise, then the courts would be legislating by adding a new class to the coverage of this act which proclaims its limited scope. This courts cannot do. " '[I]t is up to the legislatures, not courts, to decide on the wisdom and utility of legislation. . . . [C]ourts do not substitute their social and economic beliefs for the judgment of legislative bodies, who are elected to pass laws.' *Ferguson* v. *Skrupa,* 372 U.S. 726, 729–30, 83 S. Ct. 1028, 10 L. Ed. 2d 93 [1963] . . . ." *Dupont* v. *Planning & Zoning Commission,* 156 Conn. 213, 220, 240 A.2d 899 (1968). The expeditious method of disposing of claims by those entitled to the benefits of the act is not frustrated or abused where the act is not applicable, as here. Only last year, we said: "Because only *employees* are entitled to compensation under the act, it is clear that

coverage must arise from a contract of employment, either express or implied." (Emphasis added.) *Biancato* v. *Feldspar Corporation,* 203 Conn. 34, 38, 522 A.2d 1235 (1987). Reference has already been made to the conclusive presumptions of § 31-297 (b); the commissioner, we agree, need not have reached its time-barring character because there was no subject matter jurisdiction of the matter at all.

Nor is the result we reach today, premised as it is upon the necessity of proving the requisite employer-employee relationship under the act, contrary to any of our decisions as the plaintiffs argue. The same applies to those Appellate Court cases and compensation review division decisions[8] to which the plaintiffs refer us. In none of these cases was the critical relationship of employer and employee, as comprehended by the act, at issue. Moreover, we cannot find, nor has either counsel directed us to, any decision by any Connecticut court or tribunal that has ruled that because of the conclusive presumption of § 31-297 (b), the right to contest the subject matter jurisdiction of a workers' compensation commissioner is waived where the employer-employee relationship does not exist.[9] Insofar

[8] We need not address certain aspects of the compensation review division cases we refer to below including any claim that its decision in this case violated certain constitutional protections. This is so because the defendants withdrew and did not brief or argue another of their preliminary statement of issues which asked: "Whether the Compensation Review Division, Workers' Compensation Commission violated the Due Process Clause of the 14th Amendment of the United States Constitution in its ruling that subject matter jurisdiction was waived by the respondents as a result of their failure to file a Notice of Intent to Contest Liability."

[9] The plaintiffs point out that General Statutes § 31-297 (b) provides that the employer must file, within twenty days, the prescribed notice which must include "the specific grounds in which the right to compensation is contested . . . ." Relying upon the dissent in *Adzima* v. *UAC/Norden Division,* 177 Conn. 107, 119, 411 A.2d 924 (1979) (*Bogdanski, J.,* dissenting), they argue that the first word in § 31-297 (b), i.e., "[w]henever [liability to pay compensation is contested by the employer . . .]" means "in any or every instance" and they go on to say that § 31-297 (b) "does not state

as any other case of a Connecticut court or tribunal suggests that inquiry into the subject matter jurisdiction of the commissioner under the act is precluded by § 31-297 (b) because of the failure of the "employer" to file a disclaimer within the twenty day period, any such decision is no longer binding.

In *Menzies* and *Adzima,* the existence of the employer-employee relationship was not in dispute. *Adzima* v. *UAC/Norden Division,* supra, 108; *Menzies* v. *Fisher,* supra, 339. *Bush* v. *Quality Bakers of America,* supra, upon which the plaintiffs lay great stress, involved the constitutionality of the conclusive presumption of § 31-297 (b) in a case where the employer claimed that the commissioner lacked jurisdiction when he found that the decedent's death did not arise out of and in the course of his employment. While concluding that the employer's failure to comply with the twenty day requirement of § 31-297 (b) precluded the employer from contesting compensability, *Bush,* how-

---

that this does not include a defense that there is no jurisdiction of the Connecticut Workers' Compensation Act."

Apparently to reinforce this argument, they point to later language in § 31-297 (b) that provides that if the employer does not comply with the twenty day notice provision, the employer "shall be conclusively presumed to have accepted the compensability . . . and shall have no right thereafter to contest the employee's right to receive compensation *on any grounds* or the extent of his disability." (Emphasis added.) The plaintiffs, therefore, conclude that the "on any grounds" language "does not limit the grounds to anything, including lack of jurisdiction of the Connecticut Workers' Compensation Commission."

This claim is without merit. Subject matter jurisdiction is conceptually and analytically involved. We have cited authority that it is settled law that the "commissioner's jurisdiction is 'confined by the Act and limited by its provisions.' " *Gagnon* v. *United Aircraft Corporation,* 159 Conn. 302, 305, 268 A.2d 660 (1970). Therefore, subject matter jurisdiction must exist before the act applies. Next, the employer-employee relationship as contemplated by the act must be demonstrated for the commissioner to have the power under the act to carry out its objectives. Furthermore, the lack of subject matter jurisdiction does not, strictly speaking, address the right not to contest liability to pay compensation, but rather amounts to declaring that the act does not apply at all.

ever, specifically said: "The fact that Bush [the plaintiff's decedent] was an employee of Quality. . . is not contested"; id., 373; as that relationship is on this appeal. This alone makes *Bush* inapposite to the issue on this appeal. In *Yuknat* v. *State,* 9 Conn. App. 425, 519 A.2d 622 (1987), the Appellate Court affirmed the decision of the compensation review division (CRD No. 274, 2-83, 1986) granting the plaintiff's motion to preclude because of the employer's failure to comply with § 31-297 (b). *Yuknat,* likewise, is inapplicable here because the fact that the plaintiff's decedent was a state employee was not in dispute. In like manner, *Stassola* v. *Fairfield* (CRD No. 328, 4-84, 1986), also is inapposite; in *Stassola,* there was no question that the plaintiff police officer had been a Fairfield town employee for thirty years. An examination of the decision in *DeLeon* v. *Jacob Bros., Inc.,* 38 Conn. Sup. 331, 446 A.2d 831 (1981), appeal dismissed, 456 U.S. 952, 102 S. Ct. 2026, 72 L. Ed. 2d 477 (1982), indicates that the employer-employee relationship was not at issue. *DeLeon* is therefore inapposite on the issue before us.

In *LaVogue* v. *Cincinnati, Inc.,* supra, upon which the plaintiffs rely, as did the compensation review division in reversing the commissioner in this case, a rather unusual fact pattern was presented including the operation of § 31-297 (b) in a conflict-of-laws setting. In *LaVogue,* it would appear that a non-Connecticut employer (Ohio) had a non-Connecticut employment contract with an employee who suffered an eye injury while working in Rhode Island for that employer. The employee lived in Connecticut at his employer's request and maintained an office in Connecticut for his employer for which he was paid by that employer at the time of his injury. The plaintiff was awarded Massachusetts compensation benefits where his employer maintained a regional office, but then he also filed for compensation benefits in Connecticut. The employer

did not contest compensability or liability but claimed that Connecticut did not have jurisdiction and that, therefore, the employee was not entitled to benefits pursuant to the Connecticut workers' compensation schedule but only to the benefits payable under the Massachusetts schedule. The employer accordingly claimed that its failure to file a notice to contest under § 31-297 (b) did not prevent it from attacking the jurisdiction of the Connecticut workers' compensation commission over its employee's claims. The Connecticut commissioner denied the employee's motion to preclude and dismissed his appeal. On review of that action the compensation review division ruled that the employee's motion to preclude should have been granted. Although the review division decided that the employer had conceded "both compensability and jurisdiction" when it failed to contest the employee's initial claim, it also went on to conclude that the employee's contacts with Connecticut were sufficient to give Connecticut jurisdiction over the plaintiff's employment relationship with the defendant. The Appellate Court simply held that *Bush* "is dispositive of this appeal." *LaVogue* v. *Cincinnati, Inc.,* supra, 93. In doing so, it said: "It is, therefore, unnecessary for us to reach the issue of whether Connecticut had jurisdiction over the employment relationship based on the facts of this case." Id. Despite this holding, the Appellate Court went on to say: "If an employer fails to file a notice contesting liability, the employer shall be conclusively presumed to have accepted the compensability of the employee's injury 'and shall have no right thereafter to contest the employee's right to receive compensation *on any grounds* . . . .' (Emphasis added.) General Statutes § 31-297 (b)." Id. Two circumstances relevant to our discussion emerge from the exegesis of *LaVogue.* First, and significantly, any fair reading of that case discloses that the status of employer and employee was not at

issue. Again, that circumstance alone makes it inapposite here. Second, to the extent that the portion of § 31-297 (b) quoted by the *LaVogue* court with its emphasis of the "on any grounds" language might be read to suggest that subject matter jurisdiction cannot be examined, we do not agree.

On an appeal from a workers' compensation commissioner's decision, the compensation review division "hear[s] the appeal on the record of the hearing before the commissioner" unless it determines, under the statute, to take "additional evidence or testimony." General Statutes § 31-301 (a). No such "additional evidence or testimony" was taken by the compensation review division in this case. In making its final determination of an appeal, the compensation review division "shall issue its decision, affirming, modifying or reversing the decision of the commissioner." General Statutes § 31-301 (a). The decision of the compensation review division must stand unless it results "from an incorrect application of the law to the subordinate facts or from an inference illegally or unreasonably drawn from them." *Adzima* v. *UAC/Norden Division,* supra, 118; *Luddie* v. *Foremost Ins. Co.,* 5 Conn. App. 193, 196, 497 A.2d 1235 (1985). It follows from what we have held in this opinion that the compensation review division incorrectly applied the law to the subordinate facts found by the commissioner and, therefore, the compensation review division should have affirmed the commissioner's decision.

There is error, the decision of the compensation review division remanding the matter to the commissioner is set aside and the matter is remanded to the compensation review division with direction to affirm the commissioner's decision.

In this opinion the other justices concurred.