[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM RE: MOTION TO DISMISS
The defendant, Dennis Brody, a resident of Wisconsin, moves to dismiss plaintiff's action for breach of contract and assault which was commenced by writ of attachment on defendant's real property located in Stamford. Defendant moves to dismiss the action on the grounds that service of process upon him pursuant to Connecticut's long arm statute, Connecticut General Statutes 52-59b was defective under the statute. Specifically, defendant contends that the copies of process mailed to him did not contain the statutorily required endorsement of the secretary of state upon the process served upon the secretary. This defect in process, defendant asserts, deprives the court of personal jurisdiction over him and requires the motion to dismiss to be granted.
The following facts relevant to service of process are contained in the record. The plaintiff applied for a prejudgment remedy of attachment on defendant's Stamford condominium unit in anticipation of a judgment in her favor in the action against defendant.
The sheriff's return indicates that, after diligent search, he was unable to locate the defendant within his precinct. Consequently, he made service upon the Secretary of State of Connecticut as agent for service for the defendant on March 14, 1990. Afterwards, on March 17, 1990, the sheriff attests he sent by certified mail, copies of the writ and attachment, summons, complaint, application and order for the prejudgment remedy, affidavit and notice to the defendant at addresses in Bridgeport and Stamford, Connecticut and Amherst, Wisconsin. Although the sheriff's attestation states he made service upon the Secretary of State pursuant to52-59b(c), the return is silent as to whether the secretary's CT Page 1353 endorsement was obtained. Examination of the papers in the file reveals no endorsement by the Secretary of State on the papers therein.
The sheriff's supplemental return indicates that the process mailed to the defendant at the Bridgeport and Stamford addresses were forwarded to the Wisconsin address. A signed, certified return receipt was received by the sheriff from the Wisconsin address.
Connecticut General Statutes 52-59b, Connecticut's "long arm" statute provides for jurisdiction of the court over nonresidents in the following instances.
 Sec. 52-59b. Jurisdiction of courts over nonresidents and foreign partnerships. Service of Process. (a) As to a cause of action arising from any of the acts enumerated in this section, a court may exercise personal jurisdiction over any nonresident individual, or foreign partnership, or his or its executor or administrator, who in person or through an agent: (1) transacts any business within the state; or (2) commits a tortious act within the state, except as to a cause of action for defamation of character arising from the act; or (3) commits a tortious act outside the state causing injury to person or property within the state, except as to a cause of action for defamation of character arising from the act, if he (A) regularly does or solicits business, or engages in any other persistent cause of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state, or (B) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce; or (4) uses or possesses any real property situated within the state. (emphasis added).
The record discloses that the plaintiff Victoria Mullen has alleged that the defendant has committed tortious acts in this state and has breached a contract executed with her. The record also disclosed that the defendant is owner of record of a condominium unit located in Stamford which is the object of a writ of attachment secured by the plaintiff from this court (Landau, J.) on March 6, 1990. Consequently, this court may exercise personal jurisdiction over the nonresident defendant pursuant to the statute.
The long arm statute also sets forth the manner CT Page 1354 in which process shall be served upon nonresident defendants over whom the court has personal jurisdiction.
 (c) Any nonresident individual, or foreign partnership, or his executor or administrator, over whom a court may exercise personal jurisdiction, as provided in subsection (a), shall be deemed to have appointed the secretary of state as its attorney and to have agreed that any process in any civil action brought against the nonresident individual or foreign partnership, or his or its executor or administrator, may be served upon the secretary of the state and shall have the same validity as if served upon the nonresident individual or foreign partnership personally. The process shall be served by the officer to whom the same is directed upon the secretary by leaving with or at the office of the secretary, at least twelve days before the return day of such process, a true and attested copy thereof, and by sending to the defendant at his last-known address, by registered or certified mail, postage prepaid, a like true and attested copy with an endorsement thereon of the service upon the secretary. The officer serving such process upon the secretary shall leave with the secretary, at the time of service, a fee of ten dollars, which fee shall be taxed in favor of the plaintiff in his costs if he prevails in any such action. The secretary of the state shall keep a record of each such process and the day and hour of service. (emphasis added)
Facts showing the service of process in time, form and manner sufficient to satisfy the requirements of mandatory statutes in that regard are essential to jurisdiction over the person. Bridgeport v. Debek, 210 Conn. 175, 180 (1989) Castro v. Viera, 207 Conn. 420, 433-34 (1988). Defendant here argues that the manner of service of process upon the secretary of state did not conform to the requirements of52-59b(c) in that the secretary's required endorsement was not obtained upon the process sent to him by certified mail.
The existing record here does not contain the facts necessary to decide the issues before the court. Whether or not the secretary's endorsement appeared on the process mailed to the defendant is not evident in the record. The defendant has not submitted an affidavit in support of his claim that the process mailed to him lacked the required endorsement, nor has the defendant submitted copies of the CT Page 1355 process mailed to and received by him at the Wisconsin address. See Connecticut Practice Book 143. Consequently, the defendant's motion to dismiss is denied because it is not apparent from the facts in the record that the service of process made pursuant to the long arm statute was defective.
CIOFFI, J.