[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO DISMISS
This is a motion to dismiss made by the State of Connecticut to contest the court's jurisdiction in this matter.
A motion to dismiss is the appropriate vehicle for challenging the subject matter jurisdiction of the court. Conn. Practice Book Sec. 143 (rev'd to 1978, as updated October 1, 1989). Jurisdiction over the subject matter is the power of the court to hear and determine cases of the general class to which the proceedings in question belong. Castro v. Viera, 207 Conn. 420, 427 (1988). Every presumption CT Page 948 favors the jurisdiction of a court. Monroe v. Monroe, 177 Conn. 173, 177, appeal dismissed, 444 U.S. 801
(1979).
The defendant, State of Connecticut hereinafter the "State"), in its motion to dismiss contends that the court lacks subject matter jurisdiction for the follow
1. The State is sovereign.
2. The plaintiff has brought the present declaratory judgment action against, the State for the sole purpose of determining the character and the boundaries of a cartpath known as Old Blue Hills Road.
3. The plaintiff has made no affirmative allegation in its complaint: that the actions of the State were unconstitutional or in excess of its statutory authority.
"The absolute bar of actions against the state on the ground of sovereign immunity has been modified by statute and by judicial decisions." Krozser v. New Haven,212 Conn. 415, 421 (1989); see Doe v. Heintz, 204 Conn. 17,31 (1987); see also Conn. General Statutes Sec. 4-160 (rev'd to 1989). "(T)he state cannot use sovereign immunity as a defense in an action for declaratory or injunctive relief Krozer, 212 Conn. at 421 (citing Doe, 204 Conn. at 31). "However, `(i)n the absence of legislative authority. . . we have declined to permit any monetary award against the state or its officials.'". Krozser, 212 Conn. at 421 (citing Doe,104 Conn. at 32); see also, Fetterman v. University of Connecticut, 192 Conn. 539, 550 (1984).
Since the plaintiff has named the State in this case for declaratory action purposes only and makes no claim for damages, this court has subject matter jurisdiction. Accordingly, the defendant's motion to dismiss is denied.
O'CONNELL, J.