[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM RE: MOTION TO DISMISS (#102)
The plaintiff, Stanley M. Lessler, commenced this action by civil summons and complaint dated January 29, 1991 with a return date of March 5, 1991. The summons and complaint were filed on February 27, 1991.
The sheriff's return dated February 15, 1991 and filed February 27, 1991, indicates abode service was made on the defendant, Astrid Sundwall, at 1229 Winsted Road, Torrington, Connecticut. CT Page 2862
On February 25, 1991, the pro se defendant filed a motion to dismiss the complaint, on affidavit, an exhibit, and a supporting memorandum of law.
On March 6, 1991, the plaintiff filed a memorandum of law in opposition to the motion to dismiss. On March 13, 1391, the pro se defendant filed a revised affidavit.
The motion to dismiss shall be used to assert (1) lack of jurisdiction over the subject matter, (2) lack of jurisdiction over the person, (3) improper venue, (4) insufficiency of process, and and (5) insufficiency of service of process. Conn. Practice Bk. 143.
The pro se defendant moves to dismiss the plaintiff's complaint on the following grounds: (1) defective notice; (2) failure of the plaintiff to name all indispensable parties; (3) lack of subject matter jurisdiction; (4) the complaint fails to allege sufficient facts; and (5) failure to state a claim upon which relief may be granted.
The defendant in support of the motion to dismiss, argues that the civil summons left at her door was defective because there was no signature on the summons to indicate who changed the return date, the summons contained an inaccurate telephone number, and the defendant was unable to obtain copies of the summons. No pleading shall be stricken for circumstantial errors of the cause is understood. Conn. Gen. Stat. 52-123.
The defendant next argues that the plaintiff has failed to name all indispensable parties. This is an action arising out of the breach of a real estate contract. The plaintiff/seller alleges that the defendant/buyer has breached the contract. Pursuant to the contract, the plaintiff claims he is entitled to the defendant's $5,000.00 deposit held in escrow by Compass Realty of Greater Hartford, Inc.
The defendant argues that Compass Realty and its agents are indispensable parties. An indispensable party is one who "not only [has] an interest in the controversy, but an interest of such a nature that a final decree cannot be made without either affecting that interest, or leaving the controversy in such condition that its final determination may be wholly inconsistent with equity and good conscience. Sturman v. Socha, 191 Conn. 1,6 (1983). Compass Realty and its agents are not indispensable parties and the motion to dismiss is denied on this ground.
Finally, the defendant argues that the court lacks subject matter jurisdiction over this action, "A court has subject matter jurisdiction if it has the authority to adjudicate particular type of legal controversy." Castro v. Vicra, 207 Conn. 420, 427 (1988). The court has subject matter jurisdiction. The motion to dismiss is denied on this ground.
The defendant also argues in support of the motion to dismiss that the plaintiff's complaint fails to allege sufficient facts and fails CT Page 2863 to state a claim upon which relief may be granted. The motion to strike is the proper motion to contest the legal sufficiency of the allegations in the complaint. Accordingly, the motion to dismiss is denied on these grounds.
For the foregoing reasons, the defendant's motion to dismiss the plaintiff's complaint is denied.
DRANGINIS, J.