[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The complaint of the plaintiff, Hilton International of Puerto Rico, Inc. d/b/a Caribe Hilton Hotel, alleges that it recovered a judgment in the Supreme Court of Puerto Rico for approximately $17,000, against the defendant, Ray Louis Pacific, described as a resident of Huntington, Connecticut, The plaintiff further alleges that the judgment remains unsatisfied, and it seeks money damages.
The accompanying documentation indicates that the judgment was rendered by default as the defendant did not appear to contest the matter.
The defendant filed a motion to dismiss (#103) claiming that the plaintiff was seeking to enforce its judgment under General Statutes52-604 et seq., the Uniform Enforcement of Foreign Judgments Act. The defendant points out that the plaintiff cannot claim that the judgment was rendered other than by default, and, therefore, according to the defendant, this court lacks subject matter jurisdiction to afford plaintiff any relief.[1]
A motion to dismiss is the proper vehicle for challenging the subject matter jurisdiction of the court. Practice Book 142(1). Ziska v. Water Pollution Control Authority, 195 Conn. 682, 687, 490 A.2d 509 (1985). Subject matter jurisdiction involves this court's competency to exercise its powers, and to "hear and determine cases of the general class to which the proceedings in question belong." Castro v. Viera, 207 Conn. 420, 427,541 A.2d 1216 (1988).
Plaintiff agrees that it cannot bring this action pursuant to General Statutes 52-604 et seq., because it obtained a default judgment in Puerto Rico. However, plaintiff refers to General Statutes 52-607 for the proposition that it has the right to bring an independent action to enforce its judgment. This statute was analyzed in Seaboard Surety Company v. Waterbury, 38 Conn. Sup. 468, 470, 451 A.2d 291 (1982). "Under 52-607
a foreign judgment creditor who . . . did not rely upon 52-605 can still proceed by an independent action on the foreign judgment, since this remedy remains unimpaired under the statutory scheme." Id., 471-72.[2]
CT Page 2582
This court then clearly has subject matter jurisdiction to entertain a common law or independent action to enforce a foreign judgment, and therefore defendant's motion to dismiss is denied.
So Ordered.
Dated at Bridgeport, Connecticut, this 19th day of March, 1992.
WILLIAM B. LEWIS, JUDGE