[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO DISMISS
The plaintiff's six count amended complaint primarily concerns a charge of age discrimination against the named defendant and its president, Richard Warren, who discharged the plaintiff on May 16, 1988. The first two counts of the complaint allege violations of the Age Discrimination in Employment Act of 1967 (ADEA), 29 U.S.C. § 621 et seq. The third count alleges a willful and malicious discharge of the plaintiff by Warren.
Paragraph 19 of the first and second counts and paragraph 10 of the third count claim that the plaintiff was not paid for sick days prior to May 16, 1988. The fourth count claims breach of an employment agreement between the plaintiff and the named defendant. The fifth count alleges harassment of the plaintiff because of his failure to agree with what is claimed to be age discrimination in the employment policies of the named defendant, resulting in mental suffering and failure to pay the plaintiff vacation pay to which he was entitled. The sixth count, against the defendant Warren, makes similar claims of harassment and also alleges failure to pay the plaintiff for sick days.
The defendants have filed a motion to dismiss the case for lack of subject matter jurisdiction, claiming that the plaintiff failed to exhaust his administrative remedies before the Connecticut Commission on Human Rights and Opportunities [CHRO] and that he failed to take a statutory CT Page 708 appeal from the ruling of the CHRO, which precludes a direct action for age discrimination. The motion does not differentiate between the six counts of the complaint. The plaintiff claims that an action based on the ADEA is not barred by the claimant's failure to exhaust state administrative remedies before filing a private civil action based on age discrimination.
On the state of the pleadings, the court cannot resolve whether the Connecticut Superior Court has jurisdiction to entertain a direct action (either before or after state administrative proceedings are exhausted) based on the federal statute, where the CHRO dismissed the claim and no appeal was taken.
In deciding whether a court has subject matter jurisdiction, the question is whether the court has the power to hear and determine cases of the general class to which the proceedings in question belong; a court has subject matter jurisdiction if it has the authority to adjudicate a particular type of legal controversy, and jurisdiction relates to the court's competency to exercise power, and not the regularity of the court's exercise of that power. Castro v. Viera, 207 Conn. 420, 427. At the hearing on the motion to dismiss, neither party introduced any evidence, and no affidavits or documents were filed with the motion to dismiss or in opposition to it. Where a motion to dismiss does not introduce facts outside of the record, it admits all well pleaded facts and the complaint is construed most favorably to the plaintiff. American Laundry Machinery, Inc. v. State,190 Conn. 212, 217. The briefs on both sides state facts which are not contained in the complaint itself in support of their respective legal positions. The court cannot consider these facts in resolving the motion. There is clearly subject matter jurisdiction over the fourth count, which alleges breach of an employment agreement, and that claim is not dependent upon proof of age discrimination. Moreover, the other five counts include claims of failure to pay the plaintiff for his sick days and vacation pay, which are contractual claims not dependent upon whether the plaintiff was discharged for age discrimination. While the court may in fact not have subject matter jurisdiction over some or all of the age discrimination claims, that issue cannot be resolved at this time. CT Page 709
The motion to dismiss is denied.
Robert A. Fuller, Judge