[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiff Kathleen Salvucci appeals a decision of the defendant commissioner of income maintenance which imposed a lien on any proceeds of a law suit that the plaintiff has brought against a third party. The commissioner acted, following a fair hearing, pursuant to General Statutes 17-83e and 17-83f. The basis of the lien is the alleged receipt by the plaintiff of $4121.45 in public assistance benefits over a period of time prior to the law suit. The plaintiff appeals the commissioner's decision pursuant to General Statutes 4-183.
A preliminary review of the file and record in this case raises a question of the court's jurisdiction. The court must, therefore, "fully resolve" the jurisdictional question before considering the merits of the appeal. Castro v. Viera, 207 Conn. 420, 429 (1988).
The relevant facts, which are not in dispute, are as follows. The commissioner mailed the final decision, which is the subject of this appeal, to all parties on September 14, 1992. At the direction of the plaintiff, a deputy sheriff of Middlesex County served a true copy of the appeal on the commissioner and others in the agency on November 6, 1992. That is the fifty-third day after the mailing of the commissioner's final decision. Apparently, the deputy sheriff then mailed the appeal along with his return of service to the clerk of this court at Bridgeport. In any event, the appeal was received and filed in the court on November 20, 1992. That is the sixty-seventh day after the mailing of the CT Page 9856 commissioner's final decision.
General Statutes 4-183(c) (Rev'd 1991) provides, in relevant part as follows:
 (c) Within forty-five days after mailing of the final decision under section 4-180 or, if there is no mailing, within forty-five days after personal delivery of the final decision under said section, a person appealing as provided in this section shall serve a copy of the appeal on the agency that rendered the final decision at its office or at the office of the attorney general in Hartford and file the appeal with the clerk of the superior court. . . .
The undisputed facts summarized above clearly establish that the appeal in this case was neither served nor filed in court within the statutory forty-five day time limit. At the hearing on this appeal, the plaintiff testified and offered evidence tending to show that the delay in service and filing was due to no fault or negligence on her part. Rather, she claims, the delinquency was the result of a failure in the post office to process the mail in a timely fashion. The fact that the plaintiff was not at fault, however, is not sufficient to preserve the court's jurisdiction, which depends on strict compliance with 4-183, the statute which provides the right to appeal in this case. "The failure to file an appeal from an administrative decision within the time set by statute renders the appeal invalid and deprives the court of jurisdiction to hear it." Rogers v. CHRO, 195 Conn. 543, 550
(1985). It is immaterial that the failure was unintentional and not directly attributable to the negligence of the plaintiff, as appears to be true in this case.
Although the appeal must be dismissed on jurisdictional grounds, the court has examined the record of the agency proceedings and considered the arguments advanced by the plaintiff. In essence, she claims that the evidence introduced at the fair hearing was insufficient for the hearing officer to find that the plaintiff had ever received any public assistance. Although a case worker testified concerning the plaintiff's record of assistance and provided a computer printout showing payments, the plaintiff insists that only canceled checks payable to her would suffice to CT Page 9857 prove payment. That is simply not the law, however, and the court is satisfied that the plaintiff would not be able to prevail on the merits of her appeal even if she could overcome the jurisdictional hurdle.
For the reasons set forth above, the appeal is dismissed.
Maloney, J.