[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION MOTION TO DISMISS
By complaint filed March 28, 1995, the plaintiff, Frank X. LoSacco, instituted what purports to be a taxpayer action against a number of named defendants. Thereafter, the defendants, Fortuna Cartelli, Jozus, Milardo Thomasson, Averum J. Sprecher, Sprecher Jezek, Gagne Collins, and J. William Gagne, Jr., filed motions to dismiss the plaintiff's complaint and memorandums of law in support thereof.
The defendants, Fortuna Cartelli, Jozus, Milardo 
Thomasson, Gagne Collins, and J. William Gagne, Jr., argue that the court lacks subject matter jurisdiction over the within action, because, although the plaintiff purports to bring a "taxpayer action," he has failed to allege that he is bringing the within action on behalf of himself and the other taxpayers and citizens of Middletown. Consequently, the defendants argue, the plaintiff lacks standing to bring this taxpayer action. CT Page 7091
A motion to dismiss properly contests the trial court's jurisdiction, "asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court." (Emphasis in original; citation omitted.) Gurliacci v.Mayer, 218 Conn. 531, 544, 590 A.2d 914 (1991). Subject matter jurisdiction is the power of the court to hear and determine cases of the general class to which the proceedings in question belong.Castro v. Viera, 207 Conn. 420, 427, 541 A.2d 1216 (1988). A challenge to the plaintiff's standing to bring an action is a challenge to the subject matter jurisdiction of the trial court.Nationwide Mutual Ins. Co. v. Pasion, 219 Conn. 764, 767,594 A.2d 468 (1991). "It is a basic principle of law that a plaintiff must have standing for the court to have jurisdiction." Unisys Corp. v.Department of Labor, 220 Conn. 689, 693, 600 A.2d 1019 (1991). The ground of lack of subject matter jurisdiction may be raised by any of the parties, or by the court sua sponte, at any time. Daley v.Hartford, 215 Conn. 14, 27-28, 574 A.2d 194, cert. denied, 498 U.S. 982,111 S.Ct. 513, 112 L.Ed.2d 525 (1990).
As pointed out by the defendants, there is authority for the proposition that:
 A taxpayers' suit is essentially a representative or class suit, and may be filed only in the common interest of all the taxpayers of the municipality. . . . A taxpayers' suit is a privilege recognizable and exercisable only in a public capacity, and the result to be accomplished must be of benefit to the public within the taxing district. . . . A bill filed by a taxpayer in his or her own name and right which does not aver that it is filed for the benefit of himself and other citizens and taxpayers, is not a taxpayers' bill.
18 McQuillin, Municipal Corporations, § 52.03.10, at 4; § 52.12, at 21 (3rd Ed.). See also 74 Am.Jur.2d, Taxpayers' Actions, § 2, at 184-85 (if a taxpayer is permitted to maintain a taxpayer's suit, it is not in his individual right, but as the representative of the taxing district whose interests are alleged to be jeopardized by the inefficiency or maladministration of its officers).
In the present case, the plaintiff only alleges, in paragraphs one and two of his complaint, that he "is a taxpayer citizen and resident of the City of Middletown," that in said capacity he "pays local taxes and is liable to pay local taxes for the support of the City of Middletown," that he "brings the herein action to prevent, CT Page 7092 correct and redress unlawful and unauthorized acts of the City of Middletown acting through certain of its public bodies, officials and employees, which receive said local tax revenue," and that "said illegal and unauthorized actions described herein have caused plaintiff, and will continue to cause plaintiff irreparable injury due to a probable increase in his tax burden and a decrease in the local general tax fund which includes local tax revenue paid by plaintiff and does not include income derived from other sources such as the State or Federal government."
Nowhere in his complaint does the plaintiff allege that he is bringing the within action on behalf of any other taxpayer of Middletown; nor does the plaintiff allege that he is bringing the within action to benefit any other taxpayer of Middletown. Further, the plaintiff has failed to direct this court to any authority contrary to the authorities relied on by the defendants. Accordingly, the court concludes that the plaintiff has failed to establish that he has standing to bring the within action, and the plaintiff's complaint is here by dismissed as to each defendant. To the extent that any prior ruling of this court conflicts with this decision, said prior ruling is hereby vacated.
BY THE COURT STANLEY, J.