[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Memorandum Filed September 20, 1996
Plaintiffs Med-Trans of Connecticut, Inc. and Danbury-Nelson Ambulance Services, Inc. appeal the decision of the defendant department of public health and addiction services granting a license to operate a nonemergency ambulance service to defendant Access Ambulance Company, Inc. The department acted pursuant to General Statutes § 19a-180. The plaintiffs appeal pursuant to §§ 19a-180(c) and 4-183. Presently before the court are the defendants' motions to dismiss and the plaintiffs' motions for a stay of the department's decision. The court finds the issues in favor of the defendants. CT Page 5558
The basis of the defendants' motions to dismiss is that the plaintiffs cannot demonstrate that they are legally aggrieved by the department's decision. They contend, therefore, that the court lacks jurisdiction to hear and decide the appeal. Pleading and proof of aggrievement is a prerequisite to the court's jurisdiction over an appeal of an administrative decision brought pursuant to § 4-183. The court must fully resolve any question as to its jurisdiction over the subject matter before considering other issues raised in the appeal. Castro v. Viera,207 Conn. 420, 429 (1988).
In the present case, the plaintiffs are existing ambulance companies in the area where defendant Access Ambulance Company would be operating. Their interest in the department's decision derives solely from that fact. The injury that they would suffer as a result of the decision would be to their business interests — their profits would suffer because of increased competition for nonemergency ambulance business in the area.
"The fundamental test for determining aggrievement encompasses a well settled two fold determination: first, the party claiming aggrievement must successfully demonstrate a specific personal and legal interest in the subject matter of the decision, as distinguished from a general interest, such as is the concern of all members of the community as a whole. Second, the party claiming aggrievement must successfully establish that the specific personal and legal interest has been specially and injuriously affected by the decision. . . Aggrievement is established if there is a possibility, as distinguished from a certainty, that some legally protected interest . . . has been adversely affected." (Citations and internal quotation marks omitted.) Light Rigging Co. v. Dept. of Public Utility Control,219 Conn. 168, 173 (1991).
In a series of cases, our Supreme Court has considered the claim of aggrievement based on the adverse effect that the granting of a license or franchise to a competitor might have on the appellant's business. The law on the subject has evolved, becoming more precise and focused in those cases, culminating in the court's decision last year in United Cable TelevisionServices Corp. v. Department of Public Utility Control, 235 Conn. 334
(1995).
In United Cable Television Services Corp. v. DPUC, supra235 Conn. 334, the defendant applicant obtained a certificate of CT Page 5559 public convenience and necessity from the DPUC to operate a television cable service in an area where the plaintiff had been the sole possessor of such a certificate. On the issue of aggrievement, the court referred specifically to the LightRigging case and stated, "Thus, in considering whether a plaintiff's interest has been injuriously affected by the granting of a certificate of public convenience and necessity, we have looked to whether the injury he complains of . . . falls within the zone of interests sought to be protected by the statutory provision whose violation forms the legal basis for [its] complaint." (Citations and internal quotation marks omitted.) United Cable v. DPUC, supra, 235 Conn. 344-45. The court went on to find that the plaintiff was aggrieved with respect to only one of its claims under § 16-331, that being the claim that the agency's decision violated subsection (i) of the statute because it "requires the department specifically to take into account the existing franchise holders interests when determining the terms and conditions under which a new franchise will be created." Id., 235 Conn. 354. The court held, however, that since the other subsections did not require the agency specifically to consider the interests of existing franchise holders, the plaintiff could not establish aggrievement as to them. Id., 353.
In the present case, the applicable statute is General Statutes § 19a-180(a). That statute, in pertinent part, requires the department only "to determine the necessity for such services." It does not contain any provisions requiring the department to take into account the interests of existing license holders when determining whether to grant a license to a new applicant.
The plaintiffs raise two arguments that have considerable force. First, the plaintiffs point to the requirement that the department notify existing license holders and, in effect, invite them to the hearing on the new application. That provision does not, however, amount to a mandate that the department consider the effect of a new licensee on their business. Being part of the sentence in the statute that requires consideration of the necessity for additional services, the requirement is clearly intended to aid in the department's canvass of the extent of the services already operative.
The plaintiffs also point to the requirement in Regs. Conn. State Agencies § 19a-180-7 that the department consider "the CT Page 5560 impact of the proposed service on existing services in the area." In a case on all fours with the present case, Ace AmbulanceService of Fairfield v. Department of Public Health and AddictionServices, Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. CV95 055 25 48 (May 1, 1996), Judge Hodgson held that the regulation was powerless to expand the scope of interests protected by the statute. This court agrees. To the extent that the department's decision in this case did consider the impact of granting a license to Access on the plaintiffs' competitive business interests, it exceeded the scope of the review authorized by the statute. The regulation and the department's erroneous interpretation of it may not confer aggrievement where the statute does not.
This court concludes that the court in the Ace AmbulanceCompany of Fairfield case correctly interpreted General Statutes § 19a-180(a) and correctly applied the rule of the UnitedCable Television case.
Finally, the plaintiffs point out that § 19a-180(c) provides that an existing licensee "aggrieved by an act or decision of the (OEMS) regarding certification or licensure may appeal" to the Superior Court. But the operative word in that statute in the context of this case is "aggrieved." The statute does not relieve the plaintiffs of that burden, rather it specifically reaffirms it.
For all of the reasons set forth above, the court finds that the plaintiffs are not aggrieved by the decision of the department in this case. Accordingly, the court lacks subject matter jurisdiction.
The appeal is dismissed.
MALONEY, J.