[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This motion to dismiss arises out of a negligence action brought by the plaintiff Russell Grant, and his mother Gail Grant against his corporate employer Charles Bassman, Inc. and his boss Charles Bassman, president of the corporation. Russell Grant, at the time of the injury was a minor, illegally employed by Charles Bassman, Inc. in a hazardous occupation. Russell Grant seeks damages for injuries suffered while he was acting in the scope of his employment. Defendant Charles Bassman, Inc. now moves to dismiss this action on the ground that the court lacks subject matter jurisdiction in that the plaintiff has elected to receive his remedy from the Workers' Compensation Commission and by filing for a receiving benefits therefrom he is precluded by the exclusivity provision from bringing this action in the superior court.
"A motion to dismiss tests, inter alia, whether, on the face of the record, the court is without jurisdiction." Upson v. State, 190 Conn. 622, 624 (1983).
 [O]nce the question of lack of jurisdiction of a court is raised, `[i]t must be disposed of no matter in what form it is presented'; (citations omitted); and the court must `fully resolve it before proceeding further with the case.' (citations omitted) Subject matter jurisdiction, unlike jurisdiction of the person, cannot be crested through consent or waiver. CT Page 1713
Castro v. Viera, 207 Conn. 420, 429-30 (1988).
Defendant Charles Bassman, Inc. argues that this action should be dismissed because the court lacks subject matter jurisdiction. Charles Bassman, Inc. asserts that due to Russell Grant's election to seek and obtain workers' compensation benefits, subject matter jurisdiction lies with the Workers' Compensation Commission. Defendant Charles Bassman, Inc. concludes that it is insulated from suit under the exclusive remedy rule of Connecticut General Statutes 31-284.
Blancato v. Feldspar Corporation, 203 Conn. 34
(1987) an illegally employed minor's estate was allowed to pursue a suit for wrongful death pursuant to Connecticut General Statutes 52-555. The court held that the plaintiff administrator's wrongful death action was not barred by Connecticut General Statutes 31-284 (a). Id. at 40. Connecticut General Statutes 31-284 (a) provides in pertinent part that, "[a]ll rights and claims between employer and employee's or any representatives or dependents of such employees, arising out of personal injury or death sustained in the course of employment as aforementioned are abolished other than rights given by this chapter. . . ." Connecticut General statutes 31-284 (a) (rev'd to 1989). The Blancato court reasoned that an illegal employment contract,
 `produces a voidable, rather than void, contract. Thus . . . the minor should have the option of avoid or ratifying the contract for hire, similar to the perogative minors possess with regard to other contractual arrangements.' (citations omitted) Our decision, therefore, must not be interpreted to bar a meritorious workers' compensation claim by a minor who was illegally employed when injured but who chooses not to bring a common lawsuit.
Blancato, 203 Conn. at 41 (emphasis added).
It is found that in the instant case the minor plaintiff has an option of voiding or ratifying the otherwise illegal employment contract. However, since the minor plaintiff. has filed for and received workers' compensation benefits he has elected to ratify the contract.
The exclusive remedy provision of General Statutes31-284 is applicable to illegally employed minors. Id. at 42. An employee who has a right to benefits under the Workers' CT Page 1714 Compensation Act may not pursue an action against his employer for damages for personal injuries. Perille v. Raybestos-Manhattan-Europe, Inc., 196 Conn. 529, 532 (1985). It is the opinion of the court that because the minor plaintiff chose to accept workers' compensation, the exclusive remedy provision of 31-284
applies and he cannot bring an independent negligence action against his employer. Accordingly, motion to dismiss should be granted, and is hereby granted.
RYAN, J.