[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION MOTION TO DISMISS
The issue is whether the defendants' motion to dismiss for lack of subject matter jurisdiction based upon failure to exhaust administrative remedies should be granted. The court lacks subject matter jurisdiction to hear this appeal as the plaintiff has failed to exhaust his administrative remedies. The defendants' motion to dismiss is granted.
The plaintiff, Robert Fromer, filed an amended complaint on November 26, 1990 against the defendants Tree Warden and City of New London. Plaintiff alleges that on November 25, 1990 the Tree Warden published notice of a public hearing to consider the application of Tennett Tree Service, representing Northeast Utilities and Southern New England Telephone Company, for permission to remove and prune certain trees on Gallow's Lane for the purpose of installing two sections of new pole lines. The Tree Warden allegedly held a public hearing on the application on October 3, 1990. Plaintiff claims that, pursuant to section 22a-19 of the General Statutes, he intervened in the proceeding before the Tree Warden by filing a verified pleading stating that the removal of the trees involves conduct which has, or is reasonably likely to have, the effect of unreasonably polluting, impairing and destroying the public trust in the air, water of other resources of the state.
Plaintiff further alleges that on October 9, 1990 the Tree Warden granted permission to remove and prune certain trees pursuant to section 23-65 (f) of the General Statutes. Plaintiff states that he is appealing pursuant to section 23-59
of the General Statutes. He claims to be "statutorily and legislatively aggrieved for the limited purpose of raising environmental issues pursuant to section 22a-19. . ." CT Page 4404
The defendants moved to dismiss the action on January 4, 1991 on the ground that the court lacks subject matter jurisdiction to hear this appeal pursuant to Connecticut General Statutes section 23-65 (f). The defendants filed a memorandum of law in support of their motion to dismiss on January 4, 1991. The plaintiff filed his objection to the defendants' motion to dismiss and his supporting memorandum on January 14, 1991.
The motion to dismiss is the proper procedural vehicle to test the trial court's jurisdiction. Upson v. State,190 Conn. 622, 625 (1983); Conn. Practice Book section 143 (rev'd to 1978, as updated to July, 1990). The court itself has "jurisdiction to determine (its) jurisdiction." State v. SR Sanitation Services, Inc., 202 Conn. 300, 301, (1987). "Whenever the absence of jurisdiction is brought to the notice of the court or tribunal, cognizance of it must be taken and the matter passed upon before it `can move one further step in the cause; as any movement is necessarily the exercise of jurisdiction.' (citations omitted)." Statewide Grievance Committee v. Rozbicki, 211 Conn. 232, 245 (1989).
Preliminarily, it should be noted that the plaintiff objects to the motion to dismiss because it was filed more than thirty days after the defendants filed their appearance, in violation of section 142 of the Practice Book. However, this thirty day limitation does not apply to motions claiming lack of subject matter jurisdiction. Practice Book section 145 provides that ". . . whenever it is found after suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." See Castro v. Viera, 207 Conn. 420, 429 (1988).
The defendants argue that the Superior Court lacks subject matter jurisdiction to hear this administrative appeal because the plaintiff has failed to exhaust his administrative remedies. "`It is a settled principle of administrative law that, if an adequate administrative remedy exists, it must be exhausted before the Superior Court will obtain jurisdiction to act in the matter. (citations omitted).'" Concerned Citizens of Sterling v. Sterling, 204 Conn. 551, 556 (1987). "(T)he exhaustion doctrine implicates subject matter jurisdiction. . . ." Id.
More specifically, the defendants argue that the Tree Warden acted under section 23-65 (f), which provides as follows:
 (f) Any person, firm or corporation, other than a tree warden or his deputy, who desires the cutting or removal, in whole or in part, of CT Page 4405 any tree or shrub or part thereof within the limits of any public road or grounds, may apply in writing to the town tree warden, the borough tree warden or the commissioner of transportation or other authority having jurisdiction thereof for a permit so to do. Upon receipt of such permit, but not before, he may proceed with such cutting or removal. Before granting or denying such permit, such authority may hold a public hearing as provided in Section 23-59, and when the applicant is a public utility corporation, the party aggrieved by such decision may, within ten days, appeal therefrom to the department of Public utility control, which shall have power to review, confirm, change or set aside the decision appealed from and its decision shall be final. This shall be in addition to the powers granted to it under section 16-234, provided, if an application for such permit has been made to either a tree warden or the commissioner of transportation or other authority and denied by him, an application for a permit for the same relief shall not be made to any other such authority.
Connecticut General Statute section 23-65 (f) (rev'd to 1989) (emphasis added).
Indeed, plaintiff alleges that the Tree Warden acted pursuant to section 23-65 (f). Also, in his memorandum of law in opposition to the defendants' motion to dismiss, the plaintiff admits that he has previously taken an administrative appeal to the DPUC pursuant to section 23-65, an appeal which allegedly is still pending.
The defendants argue that inasmuch as the permit applicant is representing Northeast Utilities and Southern New England Telephone Company, the applicant is a public utilities corporation, and therefore, an appeal must be taken in the Department of Public Utility Control (the "DPUC"), whose decision shall be final. Connecticut General Statutes section23-65 (f) (rev'd to 1989). The plaintiff has failed to exhaust his administrative remedies as he has appealed to the DPUC section 23-65 (f), that appeal is still pending, and the Tree Warden's decision may still be changed or set aside. Therefore, since the plaintiff has failed to exhaust his administrative remedies, the court is without subject matter jurisdiction to hear this appeal.
The court has reviewed the Proposed Decision on the CT Page 4406 Petition of Robert Fromer to Appeal the Decision of Tree Warden of the City of New London Docket No. 90-10-20 by the Department of Public Utility Control. The court notes that the DPUC proposes to dismiss the appeal so as to require the Superior Court to decide the appeal the plaintiff, Fromer, filed with it from the decision of the Tree Warden.
The court disagrees with the proposed decision. The court will hear appeals from the decision of the DPUC, which by statute is the appropriate procedure for appeals from the decision of the Tree Warden. Only after all administrative agencies have rendered decisions in the case is it appropriate to appeal to the Superior Court.
For this additional reason, the present appeal is dismissed.
HURLEY, J.