[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
The plaintiff's motion for summary judgment is denied because there is a genuine issue of material fact regarding the reason for plaintiff's discharge.
The defendant's motion for summary judgment is denied because plaintiff does not have to exhaust administrative remedies before pursuing the action since the action is not based upon title VII.
The relevant facts of this action are not in dispute. Plaintiff worked for the defendant from February 1981 to August 10, 1990 when she was terminated by the defendant. In 1987, defendant agreed to provide a mortgage to plaintiff. Prior to the time of closing, and in commitment letters, no mention was made of the need for plaintiff to acquire flood insurance. At the closing, and on several occasions subsequent thereto, defendant demanded that plaintiff acquire flood insurance. Plaintiff refused to do so. On August 10, 1990 plaintiff was terminated from her job on the ground of "repeated willful misconduct."
Prior to plaintiff's discharge, Mr. Dunston, another employee, was also terminated for his refusal to acquire flood insurance. Defendant also held his mortgage. Mr. Dunston then filed an action against defendant alleging that he was fired because he is black. To bolster his allegations, Mr. Dunston's complaint named the plaintiff as an example of a white employee who had not obtained flood insurance and had not been fired. Shortly thereafter, the defendant terminated the plaintiff for failure to obtain the requisite flood insurance.
Plaintiff then brought this action alleging wrongful discharge. Plaintiff alleges that she was discharged so that the defendant bank could bolster its defense of Mr. Dunston's suit, and that such a discharge violates public policy. Defendant denies this allegation and claims that plaintiff's discharge was solely a result of her refusal to obtain flood insurance. Both parties have moved for summary judgment on the issue of liability and filed supporting memorandum of law. CT Page 7360
Summary judgment is appropriate when the relevant pleadings, affidavits and supporting documents indicate that there is no genuine issue as to material fact and the moving party is entitled to judgment as a matter of law. Strada v. Connecticut Newspapers, Inc., 193 Conn. 313 (1984). Summary judgment is only proper if the party would be granted a directed verdict on the same evidence at trial. Wilson v. City of New Haven, 213 Conn. 277 (1989). Whenever a claim of lack of subject matter jurisdiction is raised, no matter in what form, a court must immediately address the issue. Castro v. Viera,207 Conn. 420, 429 (1988). Both parties claim, for different reasons, that there is no genuine issue as to material fact.
Defendant claims that plaintiff's action is based on Title VII and because plaintiff has not exhausted her statutory remedies as required by Title VII, this court lacks subject matter jurisdiction. Title VII provides that it is an unlawful employment practice to discriminate "against any individual with respect to his compensation, terms, conditions, or privileges of employment because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000-e2(a)(1). Defendant claims that plaintiff's action is brought under the retaliatory discharge section of Title VII, which provides that an employee cannot be discharged because he has "opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted or participated in any manner in an investigation, proceeding, or hearing."42 U.S.C. § 2000e-3(a).
Title VII requires a plaintiff to follow certain administrative procedures before filing a civil claim for a violation of Title VII. 42 U.S.C. § 2000e-5. Plaintiff has not followed any of these procedures because she claims that her action is not based on Title VII. Plaintiff does not allege that she opposed any discriminatory practice of defendant. Indeed, plaintiff does not allege she opposed Mr. Dunston's termination at all. Plaintiff argues that her claim is that she was terminated so that defendant could successfully defend against Mr. Dunston's suit, not that she was terminated because she opposed Mr. Dunston's discharge. Therefore, the court finds that plaintiff's present action is not related to Title VII, and the defendant's motion for summary judgment on this ground is denied.
Plaintiff's motion for summary judgment is based on the assertion that there is no genuine issue of material facts in dispute. Plaintiff argues that because the reason for defendant's action in terminating plaintiff's employment violates public policy, she is entitled to judgment as a matter CT Page 7361 of law on the issue of liability.
The action for wrongful discharge in violation of public policy was first recognized in Connecticut in Sheets v. Teddy's Frosted Foods, Inc., 179 Conn. 471 (1980). The Court stated that the employee must prove "a demonstrably improper reason for dismissal, a reason whose impropriety is derived from some important violation of public policy. Id. at 475 (emphasis in original). The Court did not state exactly what constitutes a violation of public policy. It did cite with approval cases from other jurisdictions which found discharge wrongful because the employee had "(1) refused[d] to commit perjury; (2) file[d] a workmen's compensation claim; (3) engage[d] in union activity; (4) perform[ed] jury duty." Id. at 476 (citations omitted). the Court noted that when "there is a . . . statute . . . we should not ignore the statement of public policy which it represents." Id. at 480.
Using the examples cited above as guidelines and Title VII as an indication of a public policy against discrimination in the workplace, it is clear that pt plaintiff's discharge may violate public policy if proven that it was motivated by the defendant's desire to be able to defend against Mr. Dunston's suit. However, defendant denies this allegation. Therefore, there is a dispute as to the reason for plaintiff's discharge. Defendant admits that plaintiff was terminated for not obtaining flood insurance, whereas plaintiff is claiming that the real reason for her discharge was so defendant could defend against Mr. Dunston's suit.
It is possible that a jury could reasonably believe either party on the basis of the evidence submitted to this point and therefore, neither party would be entitled to a directed verdict on this evidence. Therefore, it is found that there is a genuine issue as to a material fact and that summary judgment would be inappropriate at this point. Thus, it is found that both defendant's and plaintiff's motion for summary judgment should be denied, and are denied.
McGRATH, JUDGE