[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiff, Karen A. Pierre, appeals pursuant to section20-99 (a) and 4-183 of the General Statutes the decision of the defendant State of Connecticut Board of Examiners for Nursing [the Board] to revoke her registered nursing license.
On April 5, 1990, following an investigation by the Drug Control Division of the Department of Consumer Protection, the defendant Board summarily suspended the plaintiff's nursing license pursuant to General Statutes 19a-17 (c) and 4-182 (c). The required hearing, which was postponed once at the plaintiff's request, was held on November 29, 1990. The plaintiff appeared CT Page 9974 but was not represented by counsel. The Board issued its final decision on March 7, 1991. It was sent by certified mail to the plaintiff on March 8, 1991, and received by her on March 13, 1991. On May 1, 1991, the plaintiff served this appeal on the defendant Board and the defendant Department of Health Services (Department) and, on the same date, filed the appeal with the clerk of this court.[1] May 1, 1991, is the fifty-fourth day after March 8, the date of; mailing and the forty-ninth day after March 13, the date of receipt of the Board's decision.
In her appeal, the plaintiff claims that she was denied the right or opportunity to be represented by counsel during the investigation that preceded the institution of charges against her and at the hearing on those charges. She argues that the evidence and admissions obtained from her should not, therefore, have been admitted at the hearing. She argues further that she never effectively waived her right to counsel and that her right to due process was violated. The plaintiff also claims that the defendant agreed to an extension of the time to appeal to May 1, 1991.
In its answer, the defendant Board denied the allegations of the appeal and set forth a special defense that the plaintiff failed to file her appeal within the time permitted by General Statutes 4-183.
The defendant Board's special defense is essentially a question of the court's jurisdiction. "The failure to file an appeal from an administrative decision within the time set by statute renders the appeal invalid and deprives the court of jurisdiction to hear it." Rogers v. Commission on Human Rights and Opportunities, 195 Conn. 543, 550 (1985). Furthermore, this court must "fully resolve" the jurisdictional question before considering the merits of the appeal. Castro v. Viera,207 Conn. 420, 429 (1988). Section 4-183 (c) (rev'd to 1991) provides as follows:
 (c) Within forty-five days after mailing of the final decision under section 4-180 or, if there is no mailing, within forty-five days after personal delivery of the final decision under said section, a person appealing as provided in this section shall serve a copy of the appeal on the agency that rendered the final decision at its office or at the office of the attorney general in Hartford and file the appeal with the clerk of the superior court for the judicial district of Hartford- New Britain* or for the judicial district wherein the person appealing resides, or, if that person is not a resident of this state, with the clerk of the court for the judicial district of Hartford-New CT Page 9975 Britain*. Within that time, the person appealing shall also serve a copy of the appeal on each party listed in the final decision at the address shown in the decision, provided failure to make such service within forty-five days on parties other than the agency that rendered the final decision shall not deprive the court of jurisdiction over the appeal. Service of the appeal shall be made by (1) United States mail, certified of registered, postage prepaid, return receipt requested, without the use of a sheriff of other officer, or (2) personal service by a proper officer or indifferent person making service in the same manner as complaints are served in ordinary civil actions.
As indicated above, it is undisputed that the plaintiff did not serve or file her appeal within the time limitation prescribed by the statute. She argues, however, and the defendants concede that an employee of the defendant Department informed her that the time to appeal did not expire until May 1, 1991. This misinformation was given to the plaintiff on April 11, 1991, prior to the expiration of the actual appeal period. Thereafter, on April 22, 1991, the forty-fifth and final day of the appeal period, another employee of the defendant Department told the plaintiff's attorney[2] that the defendant Department "would respect our error" in providing the misinformation. The court infers that the employee was agreeing to extend the appeal period to May 1, even though she knew it to be an error. The plaintiff contends that the statement and action of the employee of the defendant Department with respect to the final date to file an appeal constituted an agreement to extend the appeal period or a waiver of the requirements of the statute.
The defect in the plaintiff's argument on the jurisdictional question is that procedural defects which implicate subject matter jurisdiction, as in the present case, cannot be waived by the parties, nor can the parties confer subject matter jurisdiction on the court by agreement when it otherwise would not have such jurisdiction. Cahill v. Board of Education, 198 Conn. 229, 238 (1985); Neri v. Powers, 3 Conn. App. 531,539 (1985); Rogers v. Comm. on Human Rights 
Opportunities, supra, 552. In short, the statements by the employees of the defendant Department and the plaintiff's reliance on them could not alter the jurisdictional requirements of section 4-183(c), and the plaintiff's failure to comply with those requirements deprives this court of jurisdiction to hear her appeal. For that reason, the appeal must be dismissed.
Although the court has no jurisdiction to decide the CT Page 9976 merits of the plaintiff's appeal, the serious nature of her claims has caused the court to examined the pleadings, briefs and record. The plaintiff's principal basis of appeal is that she was wrongfully prevented from being represented by an attorney during the investigation or hearing. When she was interviewed by the investigator, she signed a form indicating that she waived her right to consult with an attorney pursuant to Miranda v. Arizona, 384 U.S. 436 (1966). She claims that she believed that this precluded her: from thereafter retaining or even consulting an attorney. She maintains that she continued to believe that she could not consult an attorney in preparation for the hearing even though the Board's notice to her stated "(a)t the aforementioned hearing you may be represented by an attorney. . . ." She was similarly advised in writing prior to a prehearing conference. She also argues that the waiver she signed was ineffective because she was "likely under the influence of mind altering substances."
The court is satisfied that the plaintiff's claims concerning the right to counsel are without foundation. She was never in the custody of the police nor was the evidence obtained from her used against her in a criminal prosecution. Her citation of Miranda v. Arizona, therefore, is misplaced. The plaintiff was repeatedly advised by the defendants that she had a right to be represented by an attorney, and such advice was given her prior to every step in the proceedings. There was no evidence that the plaintiff was not at all times capable of understanding that advice indeed, the education and training that led to her professional status would seem to make it highly unlikely that she would believe so unquestioningly that she was forbidden somehow from at least consulting an attorney for advice.
Finally, the court has examined the charges brought by the defendant Department against the plaintiff. In essence, they are that she diverted quantities of controlled drugs from her patients to herself for her own use and that she had become addicted to cocaine and used it while practicing her profession. During the hearing before the Board, the plaintiff explicitly admitted that those charges were true. The Board, therefore, had substantial evidence to determine, as it did, that the plaintiff's conduct failed "to conform to the accepted standards of the nursing profession. . . (2) illegal conduct, incompetence or negligence in carrying out usual nursing functions. . . (5) abuse or excessive use of drugs, including alcohol, narcotics or chemicals. . . (6) fraud or material deception in the course of professional services or activities. . . ." In short, the Board did not act arbitrarily or in abuse of its discretion in revoking the plaintiff's nursing license pursuant to General Statutes 19a-17. CT Page 9977
The plaintiff's appeal is dismissed for lack of jurisdiction.
Maloney, J.