[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: DEFENDANT'S APPEAL CT Page 7655 OF FAMILY SUPPORT MAGISTRATE'S DECISION
On August 14, 1984, Sharron Starkey commenced an action for the dissolution of her marriage to the instant appellant, Donald Starkey. The Starkey's marriage was dissolved by order of the court (Harrigan, J.) on March 6, 1985.
On April 16, 1992, Mr. Starkey appeared before Family Support Magistrate Harris T. Lifshitz pursuant to a contempt proceeding initiated by the instant appellee, the State of Connecticut Support Enforcement Services. The magistrate specifically found that Mr. Starkey had failed to comply with court orders regarding the amount of child support payments, and found him to be $25,183.50 in arrears to the state, and $17,415.00 in arrears to his former wife. After hearing testimony from Mr. Starkey that he was self-employed and earning an income, the magistrate left in effect an order requiring him to pay $50.00 per week in child support, increased the amount of his arrearage payment from $10.00 per week to $25.00 per week, and ordered that he make a lump sum payment of $750.00 on or before July 1, 1992, to be applied in equal portions to each arrearage.
Pursuant to General Statutes 46b-231(n). Mr. Starkey appealed to the superior court from the order of the magistrate increasing the weekly arrearage payment and the order of a lump sum payment.
The magistrate's orders were entered by the clerk on April 16, 1992. Mr. Starkey filed form JD-FM-111, entitled "Appeal from Family Support Magistrate", on April 30, 1992, fourteen days after the orders were made. Twenty-five days after the orders were made by the magistrate, Mr. Starkey filed his written petition for appeal.
General Statutes 46b-231(n), entitled "Appeal procedure", provides in relevant part that
 (2) Proceedings for such appeal shall be instituted by filing a petition and payment of a fifty-five dollar filing fee in superior court for the judicial district in which the decision of the family support magistrate was rendered not later than fourteen days after filing of the final decision with an assistant clerk assigned to the family support magistrate division. . . . Such petitions CT Page 7656 shall be accompanied by a certification that copies of the petition have been served upon [the child support bureau of the department of human resources] . . . and all parties of record. (Emphasis added).
It is evident that Mr. Starkey's appeal was not timely filed because the statute clearly states that the petition for appeal itself must be filed within fourteen days of the decision. "[W]here the legislative intent is clear, and the language used to express it is unambiguous, there is no room for statutory construction." Frazier v. Manson, 176 Conn. 638, 642,410 A.2d 475 (1979). Mr. Starkey's timely filing of the appeal form only is insufficient for the purposes of commencing this appeal.
This conclusion is fortified by the appeal form itself which clearly instructs the appellant to "[f]ile this form, with the petition attached, with the clerk of court for the Judicial District where the magistrate's decision was rendered WITHIN FOURTEEN DAYS. . . ." (Emphasis added.) Form JD-FM-111, Instruction 3.
"`[A] court which exercises a limited and statutory jurisdiction is without jurisdiction to act unless it does so under the precise circumstances and in the manner particularly prescribed by the enabling legislation.'" (Citation omitted.) Castro v. Viera, 207 Conn. 420, 428, 541 A.2d 1216 (1988). See also Johnson v. Johnson, 2 Conn. L. Rptr. 710 (November 7, 1990, Byrne, J.) (holding that untimely filing of appeal from decision of family support magistrate requires dismissal).
Even if timely filed, the success of the appeal is bleak in view of the Connecticut Supreme Court decision of Favrow v. Vargas, 222 Conn. 699, 717.
 "General Statutes 46b-215 provides in pertinent part: "The superior court or a family support magistrate shall have authority to make and enforce orders for payment of support against any person who neglects or refuses to furnish necessary support to . . . a child under the age of eighteen, according to his or her ability to furnish such support. . . ." (Emphasis added.) There is nothing in this language, or in the important public policy that it reflects, to suggest that the obligation of a parent to support her child, according to her ability, is CT Page 7657 subject to a condition precedent of a formal demand. That obligation is ongoing, and does not require the trigger of a request by those persons who are shouldering that responsibility."
The appeal is dismissed.
BALLEN, J.