[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO DISMISS
The plaintiff has filed an amended complaint in four counts. The first count, alleging sexual discrimination, is addressed against all three defendants and the defendants have moved to dismiss that count as to the individual defendants, Nast and Kuczo. The defendants have also moved to dismiss the second count, alleging a breach of contract by the defendant board, and the third count, alleging breach of an implied covenant of good faith and fair dealing by the defendant board. No motion has been addressed to the fourth count, which is headed tortious violation of plaintiff's rights amounting to reckless indifference.
In the first count, the plaintiff claims that the defendants discriminated against her on the basis of her sex, in violation of General Statutes Section 461-60 (a)(1) and Title VII of the Civil Rights Act of 1964. She claims that despite her superior qualifications and experience, the defendants assigned two males to assistant girls' softball coaching positions and declined to assign her to either of the positions. On August 27, 1991, she filed a complaint with the State of Connecticut Commission on Human Rights and Opportunities ["CCHRO"] in accordance with General Statutes Section 46a-82, in which she alleged that the Board committed a discriminatory employment practice against her. On April 8, 1992, upon plaintiff's request, the CCHRO issued a release of jurisdiction over her complaint to the Commission, as authorized by Public Act No. 91-331. This allowed her to bring this civil action against the Board. In this first count, the plaintiff claims that as a proximate result of the conduct of the Board CT Page 10330 and the school employees, Nast and Kuczo, she has suffered losses in earning and job experience.
In the second count, the plaintiff claims that the Board breached its contract with her and wrongfully failed to hire her contrary to the contract between the Board and the Stamford Education Association and contrary to the Procedure for Establishing Coaching Assignments adopted by an agreement between the Board, the Assistant Superintendent and the Stamford Education Association's President on July 11, 1988.
In the third count, the plaintiff alleges that the Board breached the implied covenant of good faith and fair dealing with regard to her employment contract when it failed to hire her for the coaching position.
"A motion to dismiss tests, inter alia, whether, on the face of the record, the court is without jurisdiction." Upson v. State, 190 Conn. 622, 624, 461 A.2d 991 (1983). "The motion to dismiss shall be used to assert (1) lack of jurisdiction over the subject matter . . . ." Practice Book Section 143. "[O]nce the question of lack of jurisdiction of the court is raised, `[it] must be disposed of no matter in what form it is presented' (Citations omitted) and the court must `fully resolve it before proceeding with the case.'" (Citations omitted). Castro v. Viera, 207 Conn. 420, 429, 541 A.2d 1216 (1988). "Subject matter jurisdiction, unlike jurisdiction of the person cannot be created through consent or by waiver." Id., 430.
 I.
The defendants have moved to dismiss the first count as to only the defendants Nast and Kuczo on the grounds that the court lacks subject matter jurisdiction. The defendants argue that the plaintiff has not exhausted her administrative remedies under the Connecticut Fair Employment Practices Act. The defendants assert that the plaintiff did not file a complaint with the CCHRO against Nast and Kuczo and the release which the plaintiff received only permits her to bring a civil action against the Board. The defendants conclude that because the plaintiff never filed a timely complaint against Nast and Kuczo with the CCHRO under General Statutes Section 46a-82, she is precluded from bringing an action in the superior court, pursuant to Public Act No. 91-331, against these defendants.
CT Page 10331 The plaintiff argues that General Statutes Sections 46a-82
and 46a-60 do not require that employees, acting within the scope of their authority, be listed separately in the CCHRO complaint. It is plaintiff's position that the defendant Board described the roles of Nast and Kuczo in the verified answer it filed with the Commission and that the CCHRO investigated and interviewed both Nast and Kuczo concerning plaintiff's claim that they committed sexual discrimination. It is the plaintiff's contention that the release of jurisdiction issued by the Commission included the individual defendants.
Connecticut Public Act No. 91-331, Section 1 (1991) provides, in pertinent part, as follows:
 Any person who has timely filed a complaint with the commission on human rights and opportunities in accordance with section 46a-82 of the general statutes and who has obtained a release from the commission in accordance with section 2 of this act, may also bring an action in the superior court for the judicial district in which the discriminatory practice is alleged to have occurred. . .
General Statutes Section 46a-82 provides, in pertinent part, as follows:
 Any person claiming to be aggrieved by an alleged discriminatory practice . . . may, by himself or his attorney, make, sign and file with the commission a complaint in writing under oath, which shall state the name and address of the person alleged to have committed the discriminatory practice, and which shall set forth the particulars thereof and contain such other information as may be required by the commission.
The Connecticut Supreme Court "has repeatedly held that it is the charges contained in the complaints filed pursuant to the Fair Employment Practices Act that, under Section 31-127 of the General Statutes, [now codified as 46a-82] `frame the issues to be decided by the hearing tribunal.'" West Hartford v. Commission on Human Rights Opportunities, 176 Conn. 291, 297,407 A.2d 964 (1978).
The defendants have not submitted a copy of the plaintiff's complaint to the CCHRO, but the court can discern the CT Page 10332 allegations of the plaintiff's CCHRO complaint from the Board's verified answer which was submitted as an exhibit by the plaintiff. The Board's verified answer quotes the individual paragraphs of the plaintiff's CCHRO complaint then gives the Board's Answer to each paragraph.
Using this exhibit, in paragraph two of the plaintiff's CCHRO complaint the plaintiff alleges: "The Respondent is Stamford Board of Education, and its agent, Dr. William Papillo [sic], Superintendent of Schools, located at 195 Hillandale Avenue, Stamford, CT."
The plaintiff's CCHRO complaint fails to "state the name and address" of Nast or Kuczo as the persons "alleged to have committed the discriminatory practice." Based on the face of the record the plaintiff has failed to file a complaint against the defendants Nast and Kuczo with the CCHRO in accordance with General Statutes Section 46a-82.
A plaintiff who fails "to follow the administrative route that the legislature has prescribed for his claim of discrimination, lacks the statutory authority to pursue that claim in the Superior Court." Sullivan v. Board of Police Commissioners, 196 Conn. 208, 216, 491 A.2d 1096 (1985). Since the plaintiff has failed to comply with General Statutes Section46a-82, she has failed to comply with the first part of the two-step procedure that the legislature has prescribed in Conn. Public Act No. 91-331, Sec. 1 (1991) to pursue her claim of sex discrimination with the superior court. Because of this failure, there is no need to address the second part of that two-step procedure, the CCHRO release.
Where a plaintiff has an available administrative remedy that can afford him meaningful relief under the statutes that govern his claim of discrimination, his failure to follow the procedure and bring his complaint to the administrative agency forecloses his access to judicial relief because that failure deprives the court of subject matter jurisdiction to hear his complaint. Sullivan v. Board of Police Commissioners, supra, 217-18.
Here, because the plaintiff failed to timely file a complaint with the CCHRO against Nast and Kuczo "in accordance with Section 46a-82 of the general statutes," she has failed to comply with the condition precedent, under Conn. Public Acts No. CT Page 10333 91-331, Sec. 1, necessary for authority to bring a discrimination action in the superior court against these individuals. She has not exercised or exhausted her administrative remedies against Nast and Kuczo. The court therefore lacks subject matter jurisdiction in this action for discriminatory practice against Nast and Kuczo.
The motion to dismiss the first count of the complaint against only the defendants Nast and Kuczo is granted.
 II.
Defendants next argue that counts two and three of plaintiff's amended complaint must be dismissed due to plaintiff's failure to exhaust the exclusive grievance and arbitration procedures established in the collective bargaining agreement between the Board and the teachers' union, the Stamford Education Association. This contract for the period July 1, 1989 through June 30, 1992 was included as a defendants' exhibit. The contract defines grievance to mean "a claim by a unit member . . . that there has been a violation, misinterpretation or misapplication of the provisions of this Agreement or of the rules, regulations, administrative directives or policies of the Board." (Article 23.B.(1)).
The teacher contract agreement contains a four-step procedure for the processing of a grievance consisting of 1) a discussion with the principal or immediate superior and if not resolved; 2) a written appeal to the superintendent of schools and if not resolved; 3) a presentation of the grievance to the board of education and if not resolved; 4) a request that the SEA Grievance Committee claim the matter for arbitration.
(Article 23.D).
The fourth step provides that
 Where the grievance involves an alleged violation, misinterpretation or misapplication of the provisions of this Agreement, then the arbitrator may render a decision which shall be final and binding on the parties; however, where the grievance involved an alleged violation, misinterpretation or misapplication of the rules, regulations, administrative directives or policies of the Board, then the recommendation or CT Page 10334 decision of the arbitrator shall be advisory.
Article 23. D. (4)(d).
"`[A]s a matter of state law, parties to a collective bargaining agreement must attempt to exhaust the exclusive grievance and arbitration procedures established in their agreement before resorting to court.'" Kolenberg v. Board of Education, 206 Conn. 113, 123, cert. denied, 487 U.S. 1236
(1988), quoting School Administrators Assn. v. Dow, 200 Conn. 376,382, 511 A.2d 1012 (1986). "Failure to exhaust available grievance and arbitration remedies implicates the court's subject matter jurisdiction." Kolenberg v. Board of Education, supra, 122, n. 5.
In the second count of her amended complaint, the plaintiff alleges that the Board breached its contract with her and wrongfully failed to hire her for the assistant coaching position contrary to the requirements set forth in the contract and in the Procedure for Establishing Coaching Assignments as adopted by the Board's assistant superintendent and the SEA president.
In the third count, the plaintiff reasserts the same allegations contained in count two and further alleges that the Board breached the implied covenant of good faith and fair dealing of the employment agreement by its failure to hire her for he assistant coaching position.
It is clear from a reading of the amended complaint that these two counts allege a violation of the teacher contract agreement and a violation of the rules, regulations and policies of the Board. There were grievance procedures available to the plaintiff afforded by the collective bargaining agreement for the purpose of redressing her claims that the Board breached its contract with her and breached the implied covenant of good faith and fair dealing.
The plaintiff has not alleged in her amended complaint that she attempted to exhaust the grievance and arbitration procedures available to her under the collective bargaining agreement. Exhaustion of available grievance and arbitration remedies is a prerequisite to invoking the court's jurisdiction over the subject matter. CT Page 10335 It is true, as the plaintiff argues, that an administrative remedy need not be exhausted if the remedy would be inadequate, futile or impractical. City of Norwich v. Norwalk Wilbert Vault Co., Inc., 208 Conn. 1, 544 A.2d 152 (1988). Here, the plaintiff argues that the grievance procedure contained in the collective bargaining agreement is inadequate because the arbitrator's decision is only advisory under the facts alleged in her amended complaint. The plaintiff argues that she has alleged a violation of the regulations and policies of the Board and that under Article 23 of the teacher contract agreement the arbitrator's decision in such an instance is merely advisory and as such inadequate.
"Arbitration is a creature of contract; if the parties choose to set limits on the arbitrator's powers, then the parties will be bound by those limits." Board of Education v. AFSCME, 195 Conn. 266, 269, 487 A.2d 553 (1985). The plaintiff has alleged in these counts a violation of the contract and a violation of the regulation and policies of the Board. Under Article 23.D.(4)(d) the arbitrator's decision involving a violation of the provisions of the contract agreement is binding but, is only advisory where it involves a violation of the regulations and policies of the Board.
Although the arbitrator's decision may be advisory where it involves a violation of the regulations and policies of the Board, this is merely a limitation on the arbitrator's powers which the parties have bargained for and are therefore bound by. This bargained-for limitation, therefore, does not make the arbitrator's decision inadequate.
The plaintiff also claims that the grievance procedure would be futile because, in response to an inquiry, the Board's attorney gave his opinion to plaintiff's attorney that the proper procedure for filling the coaching positions had been followed and plaintiff submitted this letter as an exhibit.
However, an unfavorable reply from the Board's attorney stating that the normal procedure for hiring an assistant coach had been followed does not render the grievance procedure futile. The Board's attorney is outside the grievance procedure chain and an inquiry to that person does not relieve the plaintiff of her responsibility to exhaust her grievance and arbitration procedures.
CT Page 10336 Finally, the plaintiff claims that the grievance procedure is not mandatory and is to be used only for unit member evaluations. For this proposition, plaintiff relies on Article 25E of the teacher contract agreement which states that "[t]he grievance procedure under this contract shall apply only to procedural questions concerning unit member evaluation."
However, Article 25 concerns unit member evaluations and under that article, Article 25E exempts substantive issues concerning unit member evaluations from the grievance procedure. It is clear that as pleaded, the present complaint does not involve a unit member evaluation and the plaintiff incorrectly attempts to apply Article 25E to all grievance procedures.
Article 23B, on the other hand, states that a grievance is a claim by a bargaining unit member "that there has been a violation, misinterpretation or misapplication of the provisions of this Agreement or of the rules, regulations, administrative directives or policies of the Board." This is what the plaintiff has alleged in counts two and three of the amended complaint. As such, the allegations in these counts come under the grievance and arbitration procedures established by the teacher agreement contract and the plaintiff has failed to allege an exhaustion of these procedures. Under these circumstances, the court is without subject matter jurisdiction.
The motion to dismiss the second and third counts of the amended complaint must therefore be sustained.
ORDERED, the defendants' motion to dismiss the first count only as to the individual defendants is granted and the defendants' motion to dismiss the second and third counts is also granted.
NIGRO, J.
[EDITORS' NOTE: WRITTEN MATERIAL IS ELECTRONICALLY NON-TRANSFERRABLE.] CT Page 10337