[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF LAW ON DEFENDANT'S MOTION TO DISMISS NO. 106
In a complaint filed on August 18, 1994, the plaintiff, Joyce Blewett, alleges that on December 3, 1986, she entered into an oral agreement with Rose Petrokubi, the decedent of the named defendant, in this case the Estate of Rose Petrokubi, to perform personal services for the decedent. The plaintiff alleges that in return for her services, the decedent agreed to bequeath (in her will) one half the value of her home to the plaintiff. The decedent died on January 31, 1993, leaving a will in which she bequeathed $1,000.00 to the plaintiff. On March 10, 1993, the plaintiff filed a claim for payment in the amount of one half of the value of the decedent's home with the executor of the decedent's estate.
On April 20, 1993, the plaintiff filed a two count complaint in Superior Court naming the Estate of Rose Petrokubi as defendant. On June 18, 1993, the executor rejected the plaintiff's claim. On August 2, 1994, the court, Maiocco, J. dismissed the plaintiff's suit on the ground that the court lacked subject matter jurisdiction because the suit was commenced before the executor rejected her claim, in violation of General Statutes § 45a-353 et seq. (See Blewett v. Estate ofPetrokubi, #30 33 03, Memorandum of Decision Re: Motion to Dismiss #110, filed on August 2, 1994.)
On August 11, 1994 the plaintiff commenced the present action pursuant to the accidental failure of suit statute, General Statutes § 52-592. In the first count of the complaint, filed on August 18, 1994, the plaintiff alleges a breach of contract claim against the defendant. In the second count, the plaintiff asserts a claim sounding in unjust enrichment.
On November 14, 1994, the defendant filed a motion to dismiss (#106) the action on the ground of lack of subject matter jurisdiction, along with memorandum of law. The defendant argues that the plaintiff's action should be dismissed because the time limits contained in General Statutes § 45a-363 are limitations upon the plaintiff's right of action CT Page 1356 and her failure to timely file the action deprives the court of subject matter jurisdiction. The defendant also argues that since the original action was not commenced within the time limits provided by § 45a-363, the accidental failure of suit statute is not applicable to the present case. On December 29, 1994, the plaintiff filed an "objection" and a memorandum in opposition.
Practice Book § 143(1) provides in pertinent part that "[t]he motion to dismiss shall be used to assert . . . lack of jurisdiction over the subject matter . . . ." "The motion to dismiss . . . admits all facts which are pleaded, invokes the existing record and must be decided upon that alone." Barde v. Board of Trustees, 207 Conn. 59, 62,539 A.2d 1000 (1988). Subject matter jurisdiction is the power [of the court] to hear and determine cases of the general class to which the proceedings in question belong." Castro v. Viera, 207 Conn. 420,427, 541 A.2d 1216 (1988). The ground of lack of subject matter jurisdiction may be raised by any of the parties or by the court, sua sponte, at any stage of the proceedings. Daley v. Hartford, 215 Conn. 14, 28,574 A.2d 194 (1990).
"Where . . . a specific limitation is contained in the statute which establishes the remedy, the remedy exists only during the prescribed period and not thereafter." Orticelli v. Powers, 197 Conn. 9, 15, 495
1023 (1985).
 In such cases, the time limitation is not to be treated as an ordinary statute of limitations, but rather as a limitation on the liability itself, and not of the remedy alone. . . . The courts of Connecticut have repeatedly held that under such circumstances, the time limitation is a substantive and jurisdictional pre-requisite, which may be raised at any time, even by the court sua sponte, and may not be waived.
(Citations omitted.) Ecker v. West Hartford, 205 Conn. 219, 232-33,530 A.2d 1056 (1987).
General Statutes § 45a-363 provides in pertinent part that:
 (a) No person who has presented a claim shall be entitled to commence suit unless and until such claim has been rejected, in whole or in part, as provided in § 45a-360. CT Page 1357 (Emphasis added.)
 (B) Unless a person whose claim has been rejected (1) commences suit within 120 days from the date of the rejection of his claim, in whole or in part, or (2) files a timely application pursuant to § 45a-364, he shall be barred from asserting or recovering on such claim from the fiduciary . . . except for such part as has not been rejected . . . .
Pursuant to this statute, a claimant is not entitled to commence suit until his claim has been rejected by the fiduciary. Then, if the claim is rejected, the claimant must either commence suit within 120 days from the date of the rejection of his claim, or file an application with the probate court pursuant to § 45a-364.
In the present case, the plaintiff's claim was rejected on June 18, 1993. Thus, the plaintiff would have 120 days from that date to either commence suit or file an application pursuant to § 45a-464. It is not alleged that the plaintiff sought to avail herself of § 45a-364. But the plaintiff filed the original action on April 20, 1993, almost two months prior to the date that the fiduciary rejected the plaintiff's claim. Section 45a-363(a) specifically provides that "[n]o person who has presented a claim shall be entitled to commence suit unless and until such claim has been rejected . . . ." "The plain language of the statute . . . explicitly bars a complaint based on a presented claim "unless and until" it has been rejected. . . ." (Emphasis in original.)Blewett v. Petrokubi, Superior Court Judicial District of Fairfield at Bridgeport, Docket No. 303303 (August 2, 1994, Maiocco, J., memorandum of decision at p. 4.) "[G]eneral Statutes § 45a-363(a) requires a rejection of the claim before suit may be instituted. . . ." HartfordAccident Indemnity Co. v. Doyle, 7 Conn. L. Rptr. 490 (November 16, 1992, Spear, J.). Thus the original action which was dismissed for lack of subject matter jurisdiction was never properly commenced, as it was filed prior to the rejection of the plaintiff's claim. Also, the present action was not timely commenced within the limitations period provided by § 45a-363(b), as it was commenced more than 120 days after the fiduciary rejected the plaintiff's claim. (The plaintiff commenced the present suit on August 18, 1994, approximately fourteen months after the fiduciary rejected her claim.)
Nevertheless, the plaintiff contends that the court has subject matter jurisdiction over the present action due to the operation of the CT Page 1358 accidental failure of suit statute, General Statutes § 52-592. (The plaintiff points out that the original action was dismissed on August 2, 1994, well within six months after the original action was dismissed.) General Statutes § 52-592(a) provides in pertinent part that:
 (a) If any action, commenced within the time limited by law, has failed one or more times to be tried on its merits because of insufficient service or return of the writ due to unavoidable accident or the default or neglect of the officer to whom it was committed, or because the action has been dismissed for want of jurisdiction . . . the plaintiff . . . may commence a new action, except as provided in subsection (b) of this section, for the same cause at any time within one year after the determination of the original action or after the reversal of the judgment.
 (b) When any action has been brought against an executor . . . and has failed for any of the reasons listed in subsection (a) of the section, the plaintiff . . . may commence a new action within six months after the determination of the original action.
The plaintiff's original suit was not commenced "within the time limited by law," as it was not commenced within 120 days after the plaintiff's claim was rejected by the fiduciary. Rather, the original suit was commenced prior to the date that the fiduciary rejected the claim. As previously noted, § 45a-363 explicitly prohibits commencement of a suit prior to the date that the fiduciary rejected the claim. Thus, because the original suit was not commenced "within the time limited by law," as required by § 52-592, the plaintiff cannot avail herself of the accidental failure of suit statute. Accordingly, the court grants the defendant's motion to dismiss on the ground of lack of subject matter jurisdiction.
LAWRENCE L. HAUSER, JUDGE