[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO DISMISS #101
This matter comes before the court on the defendant's ITT Hartford, motion to dismiss upon a claim that the court does not have jurisdiction until the issue of the plaintiff's entitlement to workers' compensation has been resolved.
On December 5, 1994, the plaintiff, Paul Us, filed a nine-count complaint against his employer, Marsillio's, Inc., and its insurer, ITT Hartford. On April 3, 1995, the plaintiff filed a revised complaint. The plaintiff alleges in the revised complaint seven counts against ITT Hartford and two counts against Marsillio's, Inc. The counts against ITT Hartford consist of a claim of bad faith, a violation of Connecticut Unfair Trade Practices Act (CUTPA), a violation of Connecticut Unfair Insurance Practices Act (CUIPA), a breach of conduct, misrepresentation, a violation of public policy and conversion.
The defendant, ITT Hartford, filed a motion to dismiss and a supporting memorandum on January 13, 1995, on the basis that entitlement had not yet been determined by the workers' compensation commissioner.[1] The plaintiff filed a memorandum in opposition to the motion to dismiss on April 3, 1995, the date of oral argument.[2]
"A motion to dismiss is the appropriate vehicle for challenging the jurisdiction of the court." Zizka v. WaterPollution Control Authority, 195 Conn. 682, 687, 490 A.2d 509
(1985), citing Practice Book § 142.
While it is true that the failure to exhaust administrative remedies affects the court's subject matter jurisdiction; see CT Page 6997Polymer Resources, Ltd. v. Keeney, 227 Conn. 545, 565,630 A.2d 1304 (1993); this is not the issue in the present case. The administrative remedies pursuant to General Statutes § 31-284 do not allow a workers' compensation commissioner to adjudicate the plaintiff's claims against the insurer for tortious conduct or breach of contract.[3] The courts have recognized that where an administrative remedy is inadequate or futile, the exhaustion doctrine does not apply, and the court may hear the matter. Cahillv. Board of Education, 198 Conn. 229, 241, 502 A.2d 410 (1985).
Moreover, the plaintiff is not basing his action in the present case on an injury arising out of and in the course of his employment. See Lenz v. CNA Assurance Co., 5 Conn. L. Rptr. 304, 305 (November 26, 1991) (Maiocco, J.) (ruling that an action arising out of an insurer's termination of payments in violation of CUTPA is not barred by the exclusivity provisions). "Since the `exclusivity provisions' of the Workers' Compensation Act do not apply to the present situation, the plaintiff-employee is not barred from bringing a common law action against an insurer . . . ."Sansone v. Esis, Inc., 8 Conn. L. Rptr. 171, 172 (January 4, 1993) (Maiocco, J.) (ruling that an employee may have the right to bring an independent action for damages caused by insurer's bad faith in paying workers' compensation benefits). Consequently, the plaintiff is not barred from bringing a common law action against an insurer.
ITT Hartford contends that the court does not have jurisdiction over the present action because the , workers' compensation commissioner has not yet determined if the plaintiff is entitled to compensation pursuant to the Workers' Compensation Act. The plaintiff does not claim any finding on the part of the workers' compensation commissioner that he is entitled to compensation.
Nonetheless, the reasoning of Rotz v. Middlesex, Superior Court, JD of Fairfield at Bridgeport, DN. 307488 (December 16, 1993) (Ballen, J.)* is in point. In that case the court, Ballen, J., ruled:
 [A]n employee must first establish his right to receive workers' compensation benefits before he can seek economic and punitive damages based on allegations that the insurer engaged in misconduct with respect to either the handling, settlement, or payment of the employee's claim. While the plaintiff's failure to allege in his CT Page 6998 complaint that he has been awarded workers' compensation benefits implicates the legal sufficiency of his complaint, such failure does not implicate the court's subject matter jurisdiction, as this court clearly has the power to hear and adjudicate claims of insurer misconduct, breach of contract, CUTPA, and conversion.
A decision has not yet been rendered with respect to the plaintiff's right to receive benefits. The court recognizes that the plaintiff must allege or establish that he is entitled to receive workers' compensation benefits "in order to state a legally sufficient claim against an insurer based on the insurer's failure' to pay benefits." Rotz v. Middlesex, supra,* citingCarpentino v. Transport Ins. Co., 609 F. Sup. 556, 558 (D.Conn. 1985);Bariko v. Traveler's Insurance Co., 8 Conn. L. Rptr. 316 (March 8, 1993, Ballen, J.).
However, this issue is not appropriate for a motion to dismiss as the defect does not affect the court's jurisdiction.
Accordingly, the motion to dismiss is denied.
MAIOCCO, JUDGE.