[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO DISMISS #101
The defendants, Southern Connecticut Health Systems, Inc. and Bridgeport Hospital, have moved to dismiss the plaintiff's complaint on the ground that this court lacks subject matter jurisdiction because the plaintiff, Toni Stabile, has failed to exhaust her administrative remedies under the Workers' Compensation Act, General Statutes § 31-275 et seq. (WCA). Because the exhaustion doctrine is not implicated in the present case, the defendants' motion to dismiss is denied.
The plaintiff brings the present action to recover for injuries sustained as a result of the defendants' failure to pay benefits pursuant to the WCA, after she allegedly suffered a physical injury while in the course of her employment at Bridgeport Hospital. The plaintiff asserts various causes of action against the defendants, including claims sounding in bad faith, breach of contract, violation of the Connecticut Unfair Insurance Practices Act, General Statutes § 38a-815 et. seq. (CUIPA), violation of the Connecticut Unfair Trade Practices Act, General Statutes § 42-110a
et. seq. (CUTPA), and negligence.
Jurisdiction over the subject matter is the power of the court; to hear and determine cases of the general class to which the proceedings in question belong. Castro v. Viera, 207 Conn. 420,427, 541 A.2d 1216 (1988). The failure to exhaust an adequate administrative remedy implicates the court's subject matter jurisdiction. Concerned Citizens of Sterling v. Sterling,204 Conn. 551, 556, 529 A.2d 66 (1987). The doctrine of exhaustion leaves to the agency questions over which the agency has primary jurisdiction. Cahill v. Board of Education, 198 Conn. 229, 241-42,502 A.2d 410 (1985). However, where an administrative remedy is inadequate or futile, the exhaustion doctrine does not apply, and CT Page 1414-D the court may hear the matter. Id., 241.
The Workers' Compensation Commissioner has primary jurisdiction over claims for "damages on account of personal injury sustained by an employee arising out of and in the course of employment." General Statutes § 31-284(a); Perille v.Raybestos-Manhattan-Europe, Inc., 196 Conn. 529, 532, 494 A.2d 555
(1985). However, "`[t]he various Workers' Compensation Acts were not intended or designed to compensate' a claimant for an insurer's intentional misconduct in failing to settle or pay a claim for workers' compensation benefits." Rotz v. Middlesex Mutual,
Superior Court, judicial district of Fairfield, Docket No. 307488 (December 16, 1993, Ballen, J.), quoting Carpentino v. TransportIns. Co., 609 F. Sup. 556, 561, (D.Conn. 1985). Because the plaintiff's CUTPA, CUIPA, bad faith and breach of contract claims arise out allegations concerning the defendants' subsequent misconduct in failing to settle or pay the plaintiff's claim, they are outside of the primary jurisdiction of the commissioner. Therefore, the administrative remedy provided by the WCA is inadequate with respect to the plaintiff's claims, and, accordingly, the exhaustion doctrine does not provide a ground for dismissing the present case. Accord: Paul Us v. ITT Hartford, Superior Court, judicial district of Fairfield, Docket No. 318814 (June 14, 1995, Maiocco, J., 14 Conn. L. Rptr. 333); Rotz v. Middlesex, supra;Martin v. New England Masonry, Superior Court, judicial district of Waterbury, Docket No. 92336 (May 6, 1991, Flynn, J.,4 Conn. L. Rptr. 551); Hickman v. U.S. Fire Ins. Co., 2 CSCR 1177 (1987) (Spada, J.); Mardon v. Aetna Casualty Surety Co., 2 CSCR 1175
(1987) (Satter, J.); Massa v. American Mutual Ins. Co., 1 CSCR 469
(1986) (Byrne, J.); Skdrupski v. Commercial Union Ins. Co.,1 CSCR 360 (1986) (Melville, J.). Contra: Oyer v. Health Care andRetirement Corp., Superior Court, judicial district of Waterbury, Docket No. 118027 (April 28, 1994, Pellegrino, J., 9 CSCR 581);Ciarleglio v. Firemen's Fund Ins. Co., Superior Court, judicial district of Fairfield, Docket No. 276028 (May 4, 1992, McGrath, J.).
The Motion to Dismiss is denied.
THIM, JUDGE CT Page 1414-E