[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO DISMISS AND/ORMOTION TO STRIKE
The plaintiff brings this action pro-se. The complaint sets CT Page 11878 forth a single count. The body of the complaint is prefaced by a jurisdictional statement setting forth the assertion that the court has jurisdiction under 42 U.S.C. § 1983, the federal civil rights act, and additionally that the action is brought under Connecticut General Statutes § 52-572h (Negligence actions) and C.G.S. § 52-577 (Action founded upon a tort).
The body of the complaint, paragraphs six through eight, allege acts and omissions by the defendant in representing the plaintiff in litigation. Paragraphs nine and ten allege that said conduct violated the plaintiff's constitutional rights. Paragraph 11 alleges that said actions violated state law.
The complaint seeks various remedies, including a declaratory judgment, injunction and damages.
The defendant moves to dismiss the action or, alternatively, to strike the complaint. The motion asserts that, as the plaintiff did not allege that the defendant acted under color of state law, hence there is not subject matter jurisdiction over a federal civil rights claim.
Whenever the question of lack of subject matter jurisdiction has been raised, it must be determined before proceeding further with the case. Castro v. Viera, 207 Conn. 420, 429 (1988). It is well settled that "State courts have concurrent jurisdiction with federal courts over 1983 claims". Ziska v. Water PollutionControl Authority, 195 Conn. 682, 687 (1985); Wetterman v.University of Connecticut, 192 Conn. 539, 549 (1984). "1983 claims" referred to in the decisions are matters arising out of42 U.S.C. § 1983. "A court has subject matter jurisdiction if it has the authority to adjudicate a particular type of legal controversy". Castro v. Viera, supra, p. 427.
The defendant's position at oral argument and in her brief is that because § 1983 claims only pertain to persons who "act under color of state law", the failure to allege such circumstances deprives the court of subject matter jurisdiction. The defendant argues that such an allegation is "a condition precedent to the maintaining of an action". The cases cited by the defendant do not support that position. It is so that without such an assertion and proof thereof, the plaintiff cannot prevail on his § 1983 claim. This does not, however, affect the court's subject matter jurisdiction over the subject of the litigation, as aforesaid, but rather directs itself to the CT Page 11879 question of whether the plaintiff has alleged facts sufficient to prevail on his § 1983 claim;
The court has subject matter jurisdiction over the § 1983 claim.
The body of the complaint also sets forth clearly cognizable common law causes of action under state law, as referenced in an inarticulate fashion by the complaint's reference to General Statutes § 52-572h and 52-577. No argument is proffered to the effect that the court lacks jurisdiction over those causes of action. The plaintiff, in a document which the court accepts as a generic type of reply brief, clearly states that he is also proceeding on those claims.
The motion to dismiss on the grounds of subject matter jurisdiction is denied.
The alternative aspect of the defendant's motion is a "motion to strike for failure to state a claim upon which relief can be granted." Although this contention may eventually reach that portion of the single court which sets forth § 1983 claims, yet it does not affect the paragraphs which set forth common law state claims.
The motion to strike, Practice Book § 152, directs itself to "the legal sufficiency of the allegations of any complaint" . . . "or any one or more counts thereof". If a fair reading of the single count would support any cause of action contained within the count, the complaint must stand, even though other claims, improperly joined within the court might not withstand such attack.
If the defendant desires to challenge the legal sufficiency of any of the causes of action set forth in the single count, the appropriate procedure is as set forth in § 147 of the Practice Book, so as to cause the plaintiff to separate the causes of action into separate counts. As motion to strike does not reach or challenge the common law causes of action set forth in the sole count of the complaint, the motion to strike the complaint is denied.
The court does order, however, that the defendant, if she so chooses, may file a request to revise out of the order or sequence for filing motions set forth in Practice Book § 112, CT Page 11880 under the court's discretion to so order per Practice Book § 113.
This decision on the Motion to Strike is without prejudice to the defendant's right to file such further motions as may follow a request to revise, including any further motions to strike a count or counts of any revised complaint.
L. PAUL SULLIVAN, J.