[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiff Joseph B. Buckley brought this civil action to contest the ruling of the defendant state employees retirement commission denying his election of the straight life annuity benefit upon his retirement from state service. Presently before the court is the defendant commission's second motion to dismiss. The court finds the issues in favor of the commission.
The plaintiff retired from state service effective August 1, 1994. At that time, he notified the defendant commission that he desired to elect the straight life annuity benefit, with no payments continuing after death. At all relevant times, the plaintiff is and has been married more than one year. The commission refused to accept the plaintiff's choice of benefits on the ground that the 1988-1994 Pension Arbitration Award requires married retirees to obtain the consent of their spouses. The plaintiff has never obtained his wife's consent to this retirement option, which would, of course, eliminate any right to survivorship benefits upon the plaintiff's death. CT Page 6430
In this action, the plaintiff challenges the commission's action, contending that it violates the provisions of the statutes relating to the state employees retirement plan as well as his rights under the federal constitution.
The defendant commission moved to dismiss the action on the basis that it was not a contested case within the meaning of the Connecticut Uniform Administrative Procedure Act and thus not an appeal authorized by that Act. The court agreed with the plaintiff that the action was not an appeal under the Act and, therefore, denied the motion to dismiss. The defendant's present motion also raises the issue of the court's subject matter jurisdiction, contending that the case should be dismissed because the plaintiff has failed to exhaust his administrative remedies. The court agrees.
The plaintiff argues that the court has already denied a motion to dismiss and should not allow the plaintiff to raise the issue of jurisdiction again. The court must, however, resolve all jurisdictional questions before considering the merits of a complaint, and must always consider claims of lack of subject matter jurisdiction whenever raised. Castro v. Viera,207 Conn. 420, 429 (1988); Practice Book § 145.
A fundamental principle of administrative law is that a party may not collaterally attack an administrative proceeding in an action brought to the court if the party has a remedy to pursue through the administrative process. Polymer Resources Ltd. v. Keeney,227 Conn. 545, 557-558 (1993). In Pet v. Department ofHealth Services, 207 Conn. 346, 351-352, the Supreme Court stated the rationale for this rule as follows: "The doctrine of exhaustion is grounded in a policy of fostering an orderly process of administrative adjudication and judicial review in which a reviewing court will have the benefit of the agency's findings and conclusions . . . Most important, a favorable outcome will render review by the court unnecessary . . . A complaining party may be successful in vindicating his rights in the administrating process. If he is required to pursue his administrative remedies, the courts may never have to CT Page 6431 intervene."
As argued by the defendant commission, the plaintiff could have filed a petition for a declaratory ruling under General Statutes § 4-176 and then, if the ruling were adverse, appealed the ruling to this court. Alternatively, if the commission declined to issue a declaratory ruling, the plaintiff could bring an action for a declaratory judgment under § 4-175. Sections 4-176
and 4-175, therefore, afford administrative remedies that must be exhausted before the plaintiff may apply to the court for relief. Polymer v. Keeney, supra; Cannata v.Department of Environmental Protection, 215 Conn. 616
(1990).
For the reasons set forth above, the court concludes that it lacks subject matter jurisdiction over the plaintiff's complaint in this case. The defendant's motion to dismiss is granted.
MALONEY, J.