[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO DISMISS
The defendant Liberty Mutual Fire Insurance Company brings this motion to dismiss the plaintiff's action against this insurer. The cause of action of the plaintiff, asserted against; CT Page 7685 this defendant, alleges a violation of CUTPA and a violation of CUIPA in the conduct of this liability carrier's dealings with the plaintiff arising out of the plaintiff's claim against the insured for personal injuries sustained in an automobile collision.
The defendant files this motion to dismiss, claiming that the plaintiff does not have standing to bring an unfair claim settlement practice action against the third party insurer, and hence that this court has no subject matter jurisdiction over this claim. The defendant cites a number of superior court cases in support of its substantive position that CUIPA/CUTPA does not apply to third party claims against a liability insurer.
The question before the court, the sole question before the court, is whether this court has subject matter jurisdiction over this claim.
The court has in personam jurisdiction over the defendant. The court has subject matter jurisdiction over both CUIPA and CUTPA actions arising out of these statutes. "Jurisdiction of the subject matter is the power of the court to hear and determine cases of the general class to which the proceedings in question belong. A court has subject matter jurisdiction if it has authority to adjudicate a particular type of legal controversy. Such jurisdiction relates to the court's competency to exercise power." Castro v. Viera, 207 Conn. 420, 427 (1988).
The concept of standing may affect jurisdiction. This principle of law is based upon the proposition that persons who are strangers to the factual controversy may not invoke the jurisdiction of the court to engage in litigation in which they have no actual judiciable interest. "Standing is not a technical rule intended to keep aggrieved parties out of court; nor is it a test of substantive rights. Rather it is a practical concept designed to ensure that courts and parties are not vexed by suits brought to vindicate non-judiciable interests and that judicial decisions which may affect the rights of others are forged in hot controversy, with each view fairly and vigorously represented. These two objectives are ordinarily held to have been met when a complainant makes a colorable claim of a direct injury which he has suffered or is likely to suffer in an individual or representative capacity. Such a `personal stake in the outcome of the controversy' provides the requisite assurance of `concrete adverseness' and diligent advocacy." Board of Pardons v. FreedomCT Page 7686of Information Commission, 210 Conn. 646, 649 (19089). "The question of standing does not involve an inquiry into the merits of the case. It merely requires the party to make allegations of a colorable claim of injury to an interest which is arguably
protected or regulated by the statute or constitutional guarantee in question. State v. Peerson, 208 Conn. 683, 687 (1988) (emphasis added).
The complaint in this case alleges such a colorable claim in a direct, actual, and personal factual and legal dispute. The plaintiff has standing to bring the claim, and the court is not deprived of jurisdiction by this unsupportable claim of lack of standing. The motion to dismiss is denied.
L. Paul Sullivan, J.